ADJUDGED IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW YORK,

IN JULY TERM, IN THE YEAR 1801.

---

## BAKER *against* LUDLOW.

Where " *dried fish,*" were enumerated among the articles in the *memorandum* to a policy of insurance, as free from average, unless general ; as also, " all other articles perishable in their own nature ;" it was held, that *pickled* fish were not included in the *memorandum,* and that the plaintiff might reco-ver for an average loss on them.

THIS was an action on a policy of insurance, on *goods,* from North Carolina to Martinique. At the foot of the poli-cy, was the following memorandum : " It is agreed, that salt, grain of all kinds, Indian meal, fruits, cheese, *dried fish,* ve-getables and roots, and all other articles `perishable in their own nature,* are warranted by the assured, free from average, unless general."

The cargo consisted of *pickled fish,* peas and other arti-cles. During the voyage, the vessel sprung a leak, and the peas, which were *in bulk,* became so much damaged and heated as to spoil the fish. The fish were herrings pickled in North Carolina under the direction of sworn inspectors, and were in good order when the vessel sailed.

At the trial, three witnesses on the part of the plain-tiff were of opinion that pickled fish was not a perish-able article within the meaning of the memorandum

Butterworth v. Stagg.

[*290]   *in the policy; and one of them said that the memo-
randum had been altered within a few years to dry
fish, so as to exclude pickled fish.   Two witnesses for the
defendant said they thought pickled fish, particularly *her-
rings*, a perishable article within the memorandum.

The jury found a verdict for the plaintiff, for a partial loss.

A motion was made to set aside the verdict, and for a new
trial.

*Pendleton*, for the defendant.

*Troup* and *Boyd*, for the plaintiff.

*Per Curiam.*   By the terms of the *memorandum*, fish in
general were not intended to be included; and the expres-
sion *dried fish* implies that other fish were not intended;
for *expressio unius exclusio est alterius.*(a)   The subsequent
words, "all other articles perishable in their own nature,"
are not applicable to the articles previously enumerated, nor
can they repel the implication arising from the enumeration
of them.   The weight of evidence is also in favor of this con-
struction, as being that in which the sense of the words is
generally understood.   We are, therefore, of opinion that the
plaintiff must have judgment.

Judgment for the plaintiff.(b)

(a) See Co. Litt. (Coventry's read. ed.) 210, (a.); Bro. Max. 278, 286, where
many cases are cited.

(b) Upon the construction of policies of insurance, see 1 Phillips on Insur-
ance, 43, *et seq.*; 1 Duer on Ins. 158, *et seq.*