Assuming that Gilbert, the payee of the note, or the plaintiff, the bearer, could maintain an action against Stevison upon his agreement in the lease from White to him and Wallace, upon the authority of Barker v. Bucklin (2 Den., 45), and the cases therein cited, it will not follow that this action can be maintained against the defendant, the assignee of Stevison, one of the lessees. If the holder of the note could maintain an action against Stevison upon his promise in the lease to pay the note, the action would rest upon principles entirely aside from any which relate to lessor and lessee or their assigns.
White and Stevison made the note, and then White demised the saw mill to Stevison and Wallace, and Stevison in consideration thereof agreed to pay the note. It is alleged in the complaint that Stevison did in and by the said lease, and in part payment of the rent, agree to assume and did assume the payment of, and did agree to pay the note. Is this agreement binding upon the defendant as the assignee of the interest of Stevison in the lease? There is no allegation of any promise by the defendant to pay the note. He is simply the assignee of Stevison's interest in the lease. What privity is there between him and the plaintiff? The lessor, White, still holds the reversion. He has not granted the premises nor assigned the lease or rents. His note made before the lease is outstanding, and his lessee promised to pay it. If his lessee is liable to pay the note, it is upon the ground of his special promise founded upon *Page 300 
a good consideration, and if the holder of the note can maintain the action against him, it is upon the ground that the special promise was for his benefit. Thus in Farley v. Cleveland (4Cow., 432), Moon owed Farley by note, and he sold and delivered hay to Cleveland, who in consideration thereof promised to pay the note to the plaintiff, and the plaintiff was permitted to recover upon this special promise of Cleveland. In Barker v.Bucklin (supra), the debtor of Barker sold a pair of horses to Bucklin, the defendant, and he promised to pay the price to Barker, and it was held that Barker could maintain an action upon this special promise. In the present case there was no special promise by the defendant to pay the note, and unless there was such a privity growing out of the lease and its assignment as to create a liability on the part of the defendant to the plaintiff, the action cannot be maintained.
The defendant is assignee of the lessee. An assignee of the term is always liable to the lessor for rent reserved, in the same manner and to the same extent that the lessee was. Rent is defined to be a certain profit issuing yearly out of lands and tenements corporeal. (Co. Litt., 141, g.; 2 Bl. Com., 41.) It is reserved in the demise by proper words, as reserving, rendering, yielding, paying, c. (Comyn, L. and T., 98), and whoever enters upon the demised premises as assignee of the lessee takes the premises subject to the rent reserved, and while he remains in possession occupies, as to the lessor, the position which the lessee occupied. If the lease contains a covenant to pay rent, and such covenant although not expressed is sometimes implied as from the words yielding and paying, c., the assignee of the lessee will be liable upon such covenant while he remains tenant. The lessee also remains liable upon all his covenants to the lessor.
The rent must be reserved to him from whom the estate in the land is derived, and it has been laid down as a general rule, that rent cannot be reserved to a stranger. (Comyn, *Page 301 Landlord and Tenant, 100.) The covenant to pay the rent reserved to the lessor is a covenant running with the land, and the assignee of the term is bound by it. There was a privity of estate between the lessor and lessee, and this privity continues between the lessor and assignee. The assignee of the term is liable by statute to the lessor or his grantee of the reversion upon all covenants that run with the land (1 R.S., 747, § 23,); but he is not liable upon those which were collateral or merely personal. (13 Wend., 608; Comyn, Landlord and Tenant, 257.) The only connection which exists between the grantee of the reversion and the tenant, or the lessor and assignee of the term, is by means of the estate to which both are privy.
A covenant running with the land has a relation to the land. Some of them are specified by Jewett, J., in Allen v. Culver
(3 Den., 295; and see Comyn, Landlord and Tenant, 257, etseq). In the 2d resolution in Spencer's case, it is said if the thing to be done be merely collateral to the land, and doth not touch or concern the thing demised in any sort, then the assignee shall not be charged; as if the lessee covenants for himself and his assigns to build a house upon the land of the lessor, as to a stranger, it shall not bind the assignee, because it is merely collateral and in no manner touches or concerns the thing demised or that is assigned over, and therefore the assignee of the thing demised cannot be charged with it, no more than any other stranger. (3 Coke R., 16; Smith's Leading Cases, 22.) InWebb v. Russell, Kenyon Ch. J., said: "It is not sufficient that a covenant is concerning the land; but in order to make it run with the land, there must be a privity of estate between the covenanting parties." In that case the covenant to pay rent was to one, who, it was held, had no legal interest in the land, and it was held that the covenant was collateral. It is added, "though a party may covenant with a stranger to pay certain rent, in consideration of a benefit to be derived under a third person, yet such a covenant cannot *Page 302 
run with the land." (And see Shep. Touchstone, 176; Bac. Abr.Covenant, C.) Sheppard says, if the lessee doth covenant with his lessor and his heirs to pay a sum of money in gross, or to make him a feoffment, or the like, and then the lessor doth grant the reversion, the grantee shall not take advantage of this covenant, c. In the present case Stevison, the lessee, promised to pay a note made by the lessor. This promise was merely collateral to the land demised, and his assignee is not bound by it.
There is another fatal objection to the plaintiff's right of action against the defendant. The plaintiff does not represent the lessor. He is not the grantee of the reversion, nor the assignee of the rent. Kendall v. Cleveland, (5 Cush., 74)Allen v. Bryan, (5 B. and C., 512) and Demarest v.Willard, (8 Cow., 206) cited by plaintiff's counsel, have no application. The note was made prior to the lease and without any reference to it. It had and has no reference to or connection with the land demised. Even the grantee of the reversion can only take advantage of such covenants as run with the land. So has the English statute, of which ours is a substantial transcript (1R.S., 747, § 23), been construed. (See Comyn, Landlord andTenant, 266.) Best, J., in Vernon v. Smith (5 Barn. andAld., 11), says: "By the terms, collateral covenants which do not pass to the assignee, are meant such as are beneficial to the lessor without regard to his continuing the owner of theestate." In the present case White, the lessor, made provision for the payment of the note, and its payment would be beneficial to him without regard to his continuing the owner of the estate. The law touching lessor and lessee, and their grantees or assignees, has no application whatever to the case.
The judgment should be affirmed.