(30 Misc. Rep. 426.)

## BRISTOL v. HAMMACHER et al.

(Supreme Court, Appellate Term. February 8, 1900.)

LANDLORD AND TENANT—LEASE—COVENANTS—WATER RATES.

    Defendants had leased certain premises of plaintiff, and covenanted to pay the annual water rent imposed "according to law." The premises were a part of a building the other portions of which were also occupied by tenants. There was only one water meter for the building, and the evidence showed that at least one of the other tenants used more water than defendants. *Held* that, as Consol. Act, §§ 330, 352, authorized water meters to be placed in such buildings and scales of rent fixed, defendants were not liable until such water rent was lawfully assessed upon the portion occupied by them.

    Appeal from municipal court, borough of Manhattan, Sixth district.

    Action by Elias L. M. Bristol against Albert Hammacher and others. Judgment for plaintiff, and defendants appeal. Reversed.

    Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Olney & Comstock, for appellants.

Reid, Esselstyn & Ketcham, for respondent.

    FREEDMAN, P. J. The defendants in this action were the lessees of the basement and two floors of the premises No. 141 West Broadway, in this city. The building was used for business purposes, and consisted of the basement and six floors. The lease executed by the defendants contained this clause: "And the parties of the second part further agree to pay, * * * when due, in each year, the annual rent or charge which is or may be assessed or imposed according to law upon the said demised premises for Croton water." From June 5, 1895, to April 9, 1896, while the defendants were in occupation of that portion of the premises leased by them, there was assessed, by the department of public works of the city of New York, against the whole premises, the sum of $323.50 for water rent. The plaintiff thereupon rendered a bill to the defendants for two-sixths of that sum, and upon their refusal to pay the same brought this action, and recovered a judgment therefor. Upon the trial it appeared that there was only one water meter in the building for determining the amount of water used by the tenants, and that, besides that portion occupied by the defendants, two of the floors of the building were unoccupied, and that the remaining two floors were occupied by a manufacturing company, who it was conceded used a much larger quantity of water than the defendants, and whose lease provided that they should pay "a proportionate share" of the regular annual rent or charge which is or may be assessed or imposed according to law upon said premises for Croton water. Without an express covenant to the contrary, it is the duty of the landlord to pay water rates. Darcey v. Steger, 23 Misc. Rep. 145, 50 N. Y. Supp. 638. The right of the landlord to recover from the tenants therefore depends upon that section of the lease hereinbefore referred to. "All covenants are to be construed according to the intent of the parties, * * * and in cases of doubt the meaning most favorable to the lessee is preferred. But,

as between express and implied covenants, the former are construed. more strictly than the latter." Chaplin, Landl. & T. p. 101. In the case at bar the clause in the lease contains an express covenant. It is plain and certain in its provisions, and contains neither patent nor latent ambiguity, and no extrinsic testimony is necessary to determine its meaning. It obligates the defendants to pay only such charges for the use of water as might be "imposed according to law" upon the demised premises. It is evident that there could be no liability on the part of the defendants, under that covenant in the lease, until such water rent was lawfully assessed upon that portion of the premises occupied by them under the lease. This could have been ascertained by the plaintiff by the placing of a water meter, so that the actual amount of water used by the defendants could have been determined, and they be lawfully charged therewith. Sections 350 and 352 of the consolidation act provide that the commissioner of public works shall be authorized to cause water meters to be placed in buildings of this character, and scales of rent to be fixed for water used as determined by the meter. In that way the defendants could have been lawfully charged with the amount of water used by them, and their liability fixed under their covenant in the lease. Under the facts and circumstances of this case it would be unjust and inequitable to allow the plaintiff to recover one-third of the total water rent charged against the whole premises, and that the plaintiff recognized that to be true is shown by a letter of his agent to the defendants, in which he admits that a prior charge paid by the tenants under protest, and based upon the same method, is excessive, and in which letter he indicates an intention to provide a separate water meter for the other tenant. There is nothing in the record to warrant a recovery as found, and the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event.

LEVENTRITT, J., concurs; MacLEAN, J., in result.