(112 App. Div. 363)

## MYERS v. READE.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

LANDLORD AND TENANT—COVENANTS IN LEASE—CONSTRUCTION.

> Where the lessee of the second loft of a building covenanted to pay any charge which might be imposed on the premises for the Croton water by meter measurement, and there was a water meter for that portion of the building, which correctly measured the amount of water used, the lessee was liable for his proportion of the amount used in the building, though the city authorities rendered a single bill for the entire amount used in the building as measured by a meter through which all the water used in the building passed, and refused to render separate bills for the amounts used by the different tenants.

Appeal from Municipal Court of New York.

Action by Frederick S. Myers against William J. Reade. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Hamilton R. Squier, for appellant.
Daniel S. Decker, for respondent.

HIRSCHBERG, P. J. There is no dispute about the facts in this case, and the appeal presents but a single question of law for determination. The action is brought to recover rent for the second loft of certain buildings in the borough of Manhattan, leased by the plaintiff to the defendant, and also to recover the water rents for that portion of the premises. After the commencement of the action, the defendant paid the rent, leaving the claim for the water taxes alone to be litigated, and the justice has dismissed the complaint on the merits, on the ground that the right to recover is not given by the lease.

By the covenant in the lease the defendant agrees as follows:

> "And also to pay any rent or charge which is or may be assessed or imposed according to law upon the said premises for the Croton water, on or as the same may become due and payable, by meter measurement or otherwise, in each year during the term, and, if not so paid, the same shall be added to the month's rent then due."

There were various other tenants in the building. It appears from the evidence that the city officials in charge of the water supply placed a water meter in the building, through which all the water passed which was used by the various tenants. The plaintiff, however, installed a separate meter for the defendant's loft, and it is not disputed that that meter accurately registered the amount of water which was used by him. The demand is for payment for that amount of water charged at the city's price. It further appears that the city officials refused to

make out and present bills against the tenants separately, or for the quantity of water used by each separately, but made one charge against the plaintiff for the entire consumption. In these circumstances, the justice held, in effect, that no charge had ever been assessed or imposed for the water used by the defendant, and that the contract between the parties as made did not provide for the payment by the defendant of a charge for the just proportion of the water used by him when accurately measured and ascertained, but only when actually assessed or imposed as a separate and distinct item by the city authorities.

It seems quite clear to me that the contract between the parties provided, in express terms, that the defendant should pay to the plaintiff that sum of money which would represent the proportionate share of the entire water supply furnished to the buildings which would be chargeable at the city's price to the second loft as manifested by the reading of his meter. In Bristol v. Hammacher, 30 Misc. Rep. 426, 62 N. Y. Supp. 517, it was held by the Appellate Term that under a similar covenant the landlord could not recover an arbitrary proportion of the whole water rent, but in that case, while there were several tenants in the building using the water, there was but one water meter, and the attempt made in the action was to recover from the defendants a proportionate share of the entire charge, based upon that amount of water which they were assumed to have used by arbitrary estimate. It was held that the only manner in which the water rent could have been lawfully "imposed" upon the defendants would have been by the landlord's installment of a separate water meter for them, which would have shown the precise amount of water used by them. The logic of the decision is that a, recovery could be had where a separate water meter is installed. The court said (page 428, of 30 Misc. Rep., page 518, of 62 N. Y. Supp.) :

"In the case at bar the clause in the lease contains an express covenant. It is plain and certain in its provisions, and contains neither patent nor latent ambiguity, and no extrinsic testimony is necessary to determine its meaning. It obligates the defendants to pay only such charges for the use of water as might be 'imposed according to law' upon the demised premises. It is evident that there could be no liability on the part of the defendants under that covenant in the lease until such water rent was lawfully assessed upon that portion of the premises occupied by them under the lease. This could have been ascertained by the plaintiff by the placing of a water meter, so that the actual amount of water used by the defendants could have been determined, and they be lawfully charged therewith. Sections 350, 352, Consolidation Act (Laws 1882, pp. 91, 92, c. 410), provide that the commissioner of public works shall be authorized to cause water meters to be placed in buildings of this character, and scales of rent to be fixed for water used as determined by the meter. In that way the defendants could have been lawfully charged with the amount of water used by them, and their liability fixed under their covenant in the lease."

The provisions of the consolidation act cited by the court are substantially re-enacted in section 475 of the Greater New York Charter. Chapter 466, p. 212, Laws 1901.

In the case at bar the conduct of the parties clearly indicates the interpretation which they placed upon the clause of the lease which is in question. They understood and intended that the defendant should pay to the plaintiff, for the amount of water actually used by the former as

indicated by the meter, his proportionate share of the rent or charge which should be assessed or imposed according to law by the city authorities upon the entire premises.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.