It is claimed that the prohibition against possession for the purpose of sale should begin at the point when the article ceases to be wholesome, and that the question of wholesomeness or unwholesomeness should be made the test of liability, rather than the mere fact of possession irrespective of that question. Manifestly it would be quite difficult, if not impossible, to fix the line of demarcation between wholesomeness and unwholesomeness in a matter of this kind. The more appropriate test is the reasonableness or unreasonableness of the ordinance, having in view the object sought to be attained and the inconvenience or detriment to the dealer against whom the prohibition exists. The end sought by the ordinance is highly commendable, having in view the health and sanitary welfare of the community. It imposed on the defendant no unreasonable or oppressive duty. It is in no sense destructive of property, but merely regulates its use. It simply transfers from the buyer to the seller the duty of performing that which one or the other must perform, without placing any limitations on the seller as to his right to charge an increased price for the performance of such duty. In People v. Van Fradenburgh, 81 App. Div. 259, 80 N. Y. Supp. 834, the order of the board of health which was condemned prohibited the defendant from bringing into the municipality a wholesome substance and using it for a lawful purpose before it became unwholesome, and which had in it "no element of threatened danger to the public health or comfort." Inasmuch as there was no menace to the health of the community, it was held that the board of health was without power to make the order. It may also be said that, while there was on the one hand no element of threatened danger to the public, on the other hand the order of the board of health constituted a serious and unreasonable interference with the defendant's business. There was no reasonable relation between the benefit sought to be conferred on the public and the injury inflicted on the defendant. That case has no application to the facts here presented.

The judgment of conviction should be affirmed. All concur.

MUNRO et al. v. SYRACUSE, L. S. & N. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. COVENANTS (§ 53*)—COVENANTS RUNNING WITH THE LAND—CONTRACTS.
Where a contract by its terms recites what covenants shall run with the land, all other covenants must be construed as not running with the land.
[Ed. Note.—For other cases, see Covenants, Dec. Dig. § 53.*]

2. COVENANTS (§ 61*)—COVENANTS RUNNING WITH THE LAND—CONTRACTS.
A conveyance to a railroad company of a right of way was made in consideration of its agreement among other things, to issue passes to the grantor and his tenant. The agreement provided that the covenants should be considered as conditions precedent, and as covenants running with the land, so far as they related to the erection and maintenance of fences, gates, and cattle passes. Held, that the pass privilege was a per-

sonal covenant, and ceased to be effective when the original grantee ceased to own and operate the railroad.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 52, 58; Dec. Dig. § 61.*]

3. COVENANTS (§ 53*)—"COVENANTS RUNNING WITH THE LAND."

A covenant, to run with the land, must be in respect to the thing granted, and the act covenanted must concern the land or estate conveyed; a "covenant running with the land" being annexed to the freehold and enhancing its value or benefiting it in some way.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 52; Dec. Dig. § 53.*

For other definitions, see Words and Phrases, vol. 2, pp. 1698–1703.]

4. COVENANTS (§ 68*)—COVENANTS RUNNING WITH THE LAND—CONTRACTS.

A covenant by a railway company, acquiring a right of way, to build and maintain fences and cattle passes, is attached to the land, and adds to its enjoyment, and is a covenant running with the land; but a covenant to grant a pass to the grantor and his tenant does not touch or concern the land, and is a personal covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 66; Dec. Dig. § 68.*]

5. RAILROADS (§ 194*)—FORECLOSURE SALE—RIGHTS AND LIABILITIES OF PURCHASER.

A railway company, purchasing at a foreclosure sale the property of another company, which had covenanted to maintain cattle passes, must perform the covenant; but it is not chargeable with the payment of the debts of the latter company, nor is it obliged to assume its personal obligations.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 651; Dec. Dig. § 194.*]

6. RAILROADS (§ 194*)—FORECLOSURE SALE—RIGHTS AND LIABILITIES OF PURCHASER.

Where a judgment permitted the purchaser at the foreclosure sale of railroad property to disavow within a certain time any contract or rights thereunder recited therein as a part of the property to be sold pursuant thereto, but did not recite the right of a grantor of a right of way to railroad passes, the purchaser was not bound to carry out the pass covenant: the permission to disavow not relating to a personal privilege.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 194.*]

Appeal from Special Term, Onondaga County.

Action by Isaac H. Munro and another, individually and as executors of David A. Munro, deceased, against the Syracuse, Lake Shore & Northern Railroad Company. From a judgment dismissing the complaint on the merits after trial, plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Donald F. McLennan, for appellants.
William Nottingham, for respondent.

SPRING, J. In May, 1899, the appellants, as executors, acting within the scope of their authority, entered into a written agreement with the Syracuse, Lakeside & Baldwinsville Railroad Company, a domestic street surface railway corporation, whereby they granted a right of way across the farm of their testator. In consideration of the grant the railway company agreed to perform certain obligations

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which are unimportant in this case, and further agreed to issue annually to the parties of the first part during their several lives a pass over its railway, and also another annual pass to the tenant on the said farm, to be continued during the ownership of the plaintiffs. The agreement also provided that, if the railroad company should "fail to keep and perform the conditions" expressed therein, "the rights and privileges hereby conferred shall revert to the parties of the first part, their successors, heirs, and assigns." The grantee constructed its railway, and performed its undertakings, and furnished the passes, while it operated said railway. In September, 1905, the defendant, a railway corporation, acquired title to the railroad and franchises and rights of said original grantee by purchase at a mortgage foreclosure sale, and has since been operating the said railway, and refused to honor the passes held by said plaintiffs or their tenant on said farm.

This suit in equity is for the specific enforcement of said agreement, by requiring the defendant to issue passes in accordance with its terms. We think the action cannot be maintained. The parties themselves distinctly enumerate what covenants should run with the land. The contract contains this provision:

"It is agreed that the covenants and conditions above expressed shall be considered as conditions precedent to the enjoyment of the grant herein made, and as covenants running with the lands, so far as they relate to the erection and maintenance of the fences, gates, cattle passes, and cross-overs herein mentioned."

The granting of passes, it will be observed, is excluded from the list. Even if the parties could change by agreement a distinctively personal covenant to one charged upon the land, and hence binding upon subsequent grantees, which I very much doubt (Wilmurt v. McGrane, 16 App. Div. 412, 417, 45 N. Y. Supp. 32), yet, the contract by its terms having recited what are to be deemed covenants running with the land, all others must be barred (Baker v. Ludlow, 2 Johns. Cas. 289; O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314). The pass privilege was a personal covenant, and ceased to be effective when the original grantee ceased to own and operate the railroad. Hasbrouck v. New Paltz, Highland & Pough. Tr. Co., 98 App. Div. 563, 90 N. Y. Supp. 977; People v. R. W. & O. R. R. Co., 103 N. Y. 95, 106, 8 N. E. 369; Dickey v. K. C. & I. R. T. R. R. Co., 122 Mo. 223, 26 S. W. 685.

A covenant, in order to run with the land, "must respect the thing granted or demised, and the act covenanted to be done or omitted must concern the land or estate conveyed." 11 Cyc. p. 1080; Dolph v. White, 12 N. Y. 296, 301. A covenant of this kind is annexed to the freehold, enhancing its value or benefiting it in some way. The covenant to build and maintain the cattle pass is attached to the land and adds to its enjoyment, and its maintenance will continue to add to the convenience and value of the farm as long as the railroad is operated. The incidental privilege of riding free on the cars passing over the road does not "touch or concern the land." The covenants attached to the right of way, such as the maintenance of the cattle passes, must be performed by the defendant. It did not by purchase at the foreclosure sale become chargeable with the payment of the

debts of the mortgagor or obliged to assume its personal obligations. Hoard v. C. & O. Ry. Co., 123 U. S. 222, 8 Sup. Ct. 74, 31 L. Ed. 130.

It is claimed that by the terms of the judgment the defendant became liable to carry out the pass covenant. The judgment permitted the purchaser on the foreclosure sale, within 10 days after the premises were struck off, to disavow "any contract or lease, or the rights thereunder, which are recited herein as a part of the property to be sold under and pursuant to this judgment." The immunity of the plaintiffs and their tenant from paying fare was not "a part of the property to be sold" and was not recited in the judgment. The permission to disavow did not relate to a personal privilege, like that claimed by the plaintiffs. Evidently something more substantial and of which the purchaser would have record notice was referred to.

We are not holding that the plaintiffs are remediless; only that the present action cannot be maintained. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., not voting.