ANNA U. BEACH, Plaintiff, *v.* DEYO OIL COMPANY, INC., Defendant.

Supreme Court, Broome County, March 27, 1928.

**Landlord and tenant — lease — covenant in lease provided that in event tenant assigned lease he should divide excess rent equally with landlord — covenant does not run with land — covenant is personal between original landlord and tenant and is not available against assignee in action to recover share of excess rent.**

A covenant in a lease providing that in the event the tenant shall assign the lease and receive a rental in excess of forty dollars monthly, said tenant shall divide the excess rent equally with the landlord, is a personal covenant between the original landlord and tenant, does not run with the land, and is not available against defendant, to which the lease was assigned and which sublet the premises at a rental of seventy dollars per month, in an action by the landlord for her share of the excess rent. In the original lease the assignees of the parties were not mentioned, and plaintiff cannot recover unless the clause can be construed as a covenant running with the land.

ACTION to recover the amount claimed to be due under the terms of a lease.

*Merchant, Waite & Waite,* for the plaintiff.

*Jenkins, Deyo & Hitchcock,* for the defendant.

RHODES, J. This action was brought to recover an amount claimed to be due under the terms of a certain lease. The facts have been agreed upon and submitted to the court for a decision. Under date of January 30, 1924, plaintiff leased to one Earl N. Shafer certain premises on the north side of Conklin avenue in the city of Binghamton, N. Y., to be used as a gasoline station, for the term of five years from the 1st day of February, 1924, with the privilege of renewing the lease for an additional period of five years. The monthly rental for the first five years was forty dollars per month, and in case of the renewal for the additional five years, the rent was to be fifty dollars a month for the renewal period. The buildings to be erected on said premises by the lessee were to belong to the party of the first part upon the expiration of the lease, except as to pumps above ground which the lessee had the right to remove. The lease contained the following clause: " It is further agreed that in the event that said second party shall assign this lease at any time and shall receive a rental in excess of the rental herein specified that said second party shall divide said excess rent so received, equally with said first party."

About September 17, 1924, the lease was assigned to the defendant by the said Shafer and since then defendant has paid plaintiff the monthly payments of forty dollars specified in said lease. In the agreed statement of facts it is recited that on the 3d day of April, 1926, the Deyo Oil Company, Inc., " sublet " said premises to one J. M. Lucas. The subletting was in the form of a letter from defendant to said Lucas, the terms of which were accepted by him. In said letter reference was made to a condemnation of the property by the city, and recites: " Until the city comes to some decision we will rent you this property at the land rent of $40.00 a month plus the carrying charges which we estimate will pay us 6% net or seventy dollars ($70.00) a month, * * *. As soon as the city comes to some definite conclusion, if they *squash* the condemnation proceeding, we will be glad to make a longer lease with you. The rent is to be paid monthly commencing May 1st, at the above rental of $70.00 each month,. * * *."

Plaintiff seeks to recover, under the terms of the clause above quoted in the original lease of January 30, 1924, between plaintiff and Shafer, one-half of the thirty dollars per month excess rent which defendant is receiving from Lucas. In the original lease the assignees of the parties were not mentioned and, therefore, plaintiff cannot recover unless the clause in said lease relied upon by her is a covenant running with the land. (See *St. Regis Restaurant, Inc.,* v. *Powers,* 219 App. Div. 321.) In *Dolph* v. *White* (12 N. Y, 296) the court (at p. 301) quoted with approval from *Webb* v.

*Russell,* as follows: " It is not sufficient that a covenant is concerning the land; but in order to make it run with the land, there must be a privity of estate between the covenanting parties." In *Allen* v. *Culver* (3 Den. 284) the court (at p. 297) stated: " When the thing to be done, or omitted to be done, concerns the land or estate, that is the medium which creates the privity between the plaintiff and defendant; * * *." (See, also, *Wilmurt* v. *McGrane,* 16 App. Div. 412.)

In the case at bar the rent reserved in the original lease was forty dollars per month. In case the tenant transferred his interest in the premises, he was not required to obtain a greater rent as a condition of transferring. As against plaintiff, who is the original lessor, the defendant or its subtenant would be entitled to retain possession of the property upon the payment of forty dollars a month stipulated in the original lease. Not only does the original lease not require the payment of increased rent as a condition of permitting an assignment or subletting, but it does not provide that the amount to be paid by the original tenant out of any excess arising from an assignment shall be regarded or treated by the parties as rent. Neither the original tenant, nor his assignee or subtenant is required to pay anything above forty dollars a month as a condition of holding possession of the premises under the original lease.

It seems to me, therefore, that the covenant in the original lease for the payment of one-half of the excess received by the tenant in case of an assignment or transfer of the lease is a personal covenant and that it does not run with the land. In *St. Regis Restaurant, Inc.,* v. *Powers (supra)* the lease provided that in case the tenant failed to pay certain increased insurance rates, the landlord should be entitled to pay the same and the amount so paid should be " added to the rent then or next to become due." There is no such language in the lease in question. From the standpoint of the tenant here, a covenant running with the land relates to some condition or thing to be done by him to entitle him to use and possession of the premises; an obligation arising out of or growing out of the use or possession of the property. A mere covenant to pay any excess which the tenant might receive by assigning the lease involves no such condition. It is, therefore, a collateral, personal agreement between the original lessor and lessee; does not run with the land and is, therefore, not available as against the defendant. If I am correct in the conclusion I have arrived at, then it is not necessary to discuss the other points raised by the briefs of the respective parties.

The defendant should, therefore, have judgment dismissing the complaint, with costs.