PAULMYRA HOLDING CORPORATION, Plaintiff, *v.* SECOND CHURCH OF CHRIST SCIENTIST, Defendant.

Supreme Court, Special Term, New York County, November 25, 1941.

*Morris A. Schoenfeld* [*Bert Cohen* of counsel], for the plaintiff.

*Charles Franklin* [*Herbert Goldmark* of counsel], for the defendant.

SCHREIBER, J.   Defendant is a corporation devoted exclusively to religious purposes.   It has been the owner of land and the church edifice thereon at the southwest corner of Sixty-eighth street and Central Park West, New York, N. Y., since sometime prior to November 17, 1913.   On that date it acquired, by written contract, an easement for light and air over a five-foot strip of land adjoining the church's property on the westerly side thereof. The five-foot strip was at that time part of a fifty-five-foot parcel of vacant land belonging to one Helen R. Baldwin.   The latter's land has by mesne conveyances become the property of the plaintiff, who commenced this action for a declaratory judgment.   Plaintiff claims that defendant is legally liable to pay the taxes on the five-foot strip under the November 17, 1913, agreement.

Prior to the execution of the agreement, Mrs. Baldwin's land was subject to a restriction which prohibited the erection of any building except a private dwelling.   In order to obtain a release of the restriction, Mrs. Baldwin granted the easement to light and air.   As an additional consideration for the grant of the easement, defendant paid $2,500 to effect a release of the lien of a mortgage on the five-foot strip.

The November 17, 1913, agreement provides:

" That the said party of the first part [Baldwin] for and in consideration of the release to her by the party of the second part [defendant] of the aforementioned restriction covering the premises immediately adjoining on the west the premises above described [the five-foot strip] so as to permit the building of an apartment house thereon and other consideration does hereby grant, bargain, sell and release unto the said party of the second part its successors and assigns, the right and easement to maintain windows overlook-

ing the premises above described and to have come to said windows, light and air uninterrupted and free from any obstruction whatever.

" And the said party of the first part for herself, her heirs and assigns for and in consideration of the said release by party of the second part as aforesaid and other consideration covenants and agrees that no building structure, fence or obstruction of any kind or nature whatever shall ever be erected or maintained upon or over the said premises. That said premises shall not at any time be used as a private or public driveway or as a permanent entrance to any building that may hereafter be erected on any of the lands adjoining the premises above described but that said premises shall at all times remain open and unoccupied and free from obstruction of every kind and description, that said premises above described shall not be used for the purpose of removing ash, garbage or refuse cans or receptacles and no ash, garbage or refuse can or receptacle, nor any chattels of any description shall at any time be allowed to remain or stand on or about said premises. It is understood and agreed that the above covenants shall run with and bind the land above described."

The following paragraph contains a number of warranties. Subsequent thereto, and preceding the paragraph relative to subscription, is the paragraph upon which the action is predicated: " The party of the second part [defendant] covenants that it will pay the taxes which may hereafter be assessed against the said described premises."

Mrs. Baldwin continued to own the property adjoining the church for about six years. She made no demand upon the defendant to pay the taxes on the five feet and, with the exception of plaintiff, no demand was made by any subsequent owner. Plaintiff acquired its title in 1940 — almost twenty-seven years after the execution of the November 17, 1913, agreement — and made claim that defendant is obligated to pay taxes on the five-foot strip. The tax for the year July 1, 1940, to June 30, 1941, was assessed against the entire fifty-five feet owned by plaintiff. Plaintiff obtained an apportionment thereof on the basis of applying one-eleventh of the assessed land value to the five-foot strip, but defendant refused to consider itself bound thereby.

I am of the opinion that defendant's covenant to " pay the taxes which may hereafter be assessed against " the five feet does not constitute a covenant running with the land, that it inured to Mrs. Baldwin's benefit, but not to the benefit of any one succeeding to her right of ownership.

The agreement of November 17, 1913, was prepared by Mrs. Baldwin's attorney and so any ambiguity in the agreement should

be resolved in favor of defendant. (*Thieler* v. *Trinity Advertising Corp.*, 241 App. Div. 34, 37; affd., 265 N. Y. 668.) The agreement shows that the parties were cognizant of the significance of a covenant running with the land. In specific language, Mrs. Baldwin's covenants were made to run with the land and rights were conferred upon defendant's successors and assigns. Similar provisions, with respect to defendant's covenant to pay taxes, are lacking. Express statement that certain covenants shall run with the land supports the view that the parties adhered to a contrary intent concerning subsequent covenants which bear no similar reference. (*Matter of Union of London & Smith's Bank Limited's Conveyance*, [1933] Ch. 611, 624, 628, 629; *Munro* v. *Syracuse, Lake Shore & Northern R. R. Co.*, 128 App. Div. 388.)

In addition, the practical construction given to the contract during the twenty-seven years since its execution is a factor to be considered in resolving an ambiguity. There is no better way to ascertain what contracting parties meant than to see what was done. (*Lowrey* v. *Hawaii*, 206 U. S. 206, 222; *Morehouse* v. *Woodruff*, 218 N. Y. 494, 502.) Until plaintiff acquired title in 1940, no request was made upon defendant to pay any part of the taxes assessed against the property adjoining defendant's parcel. The failure to do so is a persuasive factor in the case. (*Dold Packing Co.* v. *Kings County Refrigerating Co.*, 176 App. Div. 407.) Plaintiff cannot divorce itself from the conduct of its predecessors in interest. (*People* v. *Foote*, 141 Misc. 409, 411; affd., 242 App. Div. 162.)

The language used in the agreement, the fact that the manner of expression was devised by Baldwin's attorney and the practical construction lead to the inference that the parties intended the covenant to pay taxes to constitute a personal one for the benefit of Mrs. Baldwin only.

In my opinion there has been no valid tax assessment on the five feet covered by the easement for the fiscal year beginning July 1, 1940, and this is an additional reason for denying the relief sought by plaintiff. (*Bristol* v. *Hammacher*, 30 Misc. 426; *Wisser Oil Co., Inc.*, v. *Canfrank Holding Corp.*, 163 id. 357; *Scott* v. *Society of Russian Israelites*, 59 Neb. 571; 81 N. W. 624.) Defendant did not agree to pay some part of the tax assessed against the entire fifty-five feet. The mere apportionment of the tax on the basis of one-eleventh to the five feet is not consistent with the obligation assumed by defendant and section 172-1.0 of the Administrative Code of the City of New York is inapplicable to the situation because the section has reference to an apportionment where a person claims a divided or undivided part of premises. The

section has reference to a case where two or more persons have separate interests in the fee of a parcel taxed in gross. In this case defendant owns no part of the fee of the five-foot strip and it owns no part of the fee of the fifty-five-foot strip, with reference to which the gross tax was levied.

Findings of fact and conclusions of law having been waived, submit decision and judgment.