Albert H. Buschmann, J.
This action for a declaratory judgment and money damages was tried by this court without a jury. The following facts were established at trial.
On September 8, 1959 plaintiff’s predecessor in title and defendant entered into an agreement under which defendant leased certain premises in West Orange, New Jersey, for use as a department store. The lease specifically provided that it was to be governed by New York law.
The pertinent paragraph of the lease, paragraph 13, provides s follows:
-‘If the real estate taxes for the sixth lease year and any lease year thereafter levied on the demised premises located at Essex Oreen Shopping Plaza shall increase over and above the taxes for such premises for the fifth lease year, then, in that event the Tenant agrees to pay additional rent upon Landlord’s demand of such portion of the increased taxes that is in excess of the amount that the Tenant shall have paid in percentage rent over and above the minimum guaranteed rental during the sixth year and each lease year thereafter.
“ Landlord agrees that prior to the commencement of the term of this lease to have the demised premises separately assessed, and Tenant shall have no- obligation to pay such excess taxes as long as the demised premises are not so separately assessed.” (Emphasis supplied.)
Plaintiff alleges in its complaint that excess taxes in the total amount of $114,128.90 are due it for the years 1965 through 1970 and seeks money damages in that amount as well as a declaration that defendant is liable for such excess taxes pursuant to the formula for excess taxes as set forth in paragraph 13 of the lease, quoted above.
Defendant contends, inter alla, that it has no liability for excess taxes inasmuch as the demised premises were never separately assessed pursuant to paragraph 13 of the lease. In answer to this assertion, plaintiff contends that the property has in fact been separately assessed and in any event impossibility of performance excuses it from the obligation to secure a separate assessment.
*668 There is no merit to plaintiff’s assertion. Based upon the testimony of Joseph Scaturro, Chief Tax Assessor of the Town of West Orange, New Jersey, a witness called by the plaintiff, the court finds that defendant occupies portions of two buildings in the shopping center owned by plaintiff; that the leased premises have never been separately assessed by the taxing municipality and that Mr. Scaturro would not honor a request for a separate assessment of the premises demised to defendant.
The requirement of a separate assessment is a condition precedent to defendant’s obligation to pay the excess taxes and, prior to the fulfillment of that condition, defendant has no obligation to pay those taxes. (See Bristol v. Hammacher, 30 Misc. 426; 6 Williston, Contracts [Rev. ed.], § 1970.) Moreover, the cases relied upon by plaintiff in support of its contention that the impossibility of obtaining a separate assessment excuses it from the obligation to obtain that assessment are inapposite. (See, e.g., Matter of Kramer & Uchitelle, v. Eddington Fabrics Corp., 288 N. Y. 467, mot. for rearg. den. 289 N. Y. 649; Jefferson Estates v. Wilson, 35 N. Y. S. 2d 582, affd. 39 N. Y. S. 2d 502.) In those cases the promissor was allowed to avoid his obligations under a contract by reason of impossibility of performance through governmental action, whereas in the instant case plaintiff is in effect seeking to enforce an obligation under the contract and to reform the agreement of the parties so as to dispense with the condition precedent of a separate assessment. This it may not do. (6 Williston, Contracts, [3d ed.], § 838; [Rev. ed.], § 1970.)
Accordingly, the court grants defendant’s motion to dismiss the complaint insofar as the complaint seeks money damages, and declares that defendant has no obligation to pay any excess taxes pursuant to paragraph 13 of the lease of September 8, 1959.