LAURENT v. CITY OF· MUSCATINE.

1. **Taxation:** EXEMPTION: PROPERTY USED FOR SCHOOL AND CHURCH. In order to exempt real estate from taxation under section 797 of the Code, use and ownership, either legal or equitable, must combine in the same person. In this case, where it appears that the legal title is in a private individual; though the property is used for a school and church, *held* that the property was not exempt.

*Appeal from Muscatine Circuit Court.*

TUESDAY, OCTOBER 3.

THIS action involves the question whether or not, certain real estate in the city of Muscatine is exempt from taxation. The Circuit Court held that it is exempt, and the city appeals.

*Brannan & Jayne*, for appellant.

*Richman, Burk & Russell*, for appellee.

ROTHROCK, J.—The cause was submitted to the court below on an agreed statement of facts of which the following is the substance:

The title to lot ten, which contains about two acres, is in John Hennessey of Dubuque, who is Catholic Bishop of the diocese in which said property is situated. The St. Mathias Catholic Church, and the school known as the Sisters's School, are situated on said lot. This lot is recognized and admitted to be exempt from taxation, for the reason that the same con-

stitutes a part of the grounds and buildings of said church and school and is devoted to the appropriate objects thereof, and no tax has been levied thereon since the same was acquired and used for said purposes and objects.

About twelve years ago, the plaintiff, the officiating pastor of said church, acquired the title to the property, the tax on which is now in controversy. It consists of certain lots, and contains about two acres, and there has been erected thereon a parsonage for the use of the officiating pastor of said church. The lots, the title to which is in Bishop Hennessey, and those the title to which is in plaintiff, are all within the same enclosure and all are used together. There is no means of gaining access with teams, wagons, or carriages to said church and school, except by passing over the said lots of the plaintiff. All of the above named lots are used exclusively for, and constitute the grounds of, said church and school, and the lots to which plaintiff has title are also used as the play-grounds for the children attending said school, and also as the place of residence of said pastor. No compensation is paid to plaintiff for the use and occupation of the lots, and no part is leased or otherwise used with a view of securing profit. The plaintiff not only acts in the capacity of pastor of the church, but also as a teacher in the school. On the 12th day of August, 1878, plaintiff made and executed a will by which he devised said real estate to Rev. Cosgrove for the use of said church.

We are required to determine whether, under the forego ing facts, the lots to which plaintiff holds the title are exempt from taxation. If exempt, it must be under the provisions of section 797 of the Code. That section provides "that all public libraries, grounds and buildings of literary, scientific, benevolent, agricultural and religious institutions and societies, devoted solely to the appropriate objects of these institutions, not exceeding 640 acres in extent, and not leased or otherwise used with a view to pecuniary profit," are free from taxation.

If the title to this property were in the church, or in the school, as a corporation, or possibly if it were shown that the plaintiff merely held the naked legal title in trust for the school or church, the case would be within the rule adopted in the case of *Griswold College v. The State*, 46 Iowa, 275. But in this case the lots are not the property of the church or of the school. It does not even appear that either the church or school has any equity in the lots by reason of having expended money in their improvement or otherwise. It is true the church and school have used the premises; but this alone is insufficient. By the agreed statement of facts the lots are the private property of the plaintiff. The fact that he has made a will and devised them to another for the use of the church cannot, we think, affect the question. The will confers no right during the life of the plaintiff, and may be revoked at any time.

The fact that the other property, the title to which is in the bishop of the church, has not been regarded as liable to taxation, cannot be allowed to affect the question. It is said that, by the law and usages of the church, the property is held by the bishop in trust for the church. We cannot take judicial notice of such law and usage, and, if it were a material question in this case, we incline to think, for aught that appears in the agreed statement of facts, all of the property in the common enclosure is subject to taxation, for it is not shown that the church has any equitable interest in any of it. In view of the oft repeated rule that taxation is the rule and exemption the exception, we think this property is not exempt. In our opinion, use and ownership, either legal or equitable, should combine, in order to effect the exemption.

REVERSED.