GEORGE W. SCOTT, APPELLANT, v. SOCIETY OF RUSSIAN ISRAELITES ET AL., APPELLEES.

| 59 | 571 |
| f61 | 217 |

FILED JANUARY 24, 1900.   No. 9,113.

1. Religious Societies: PROPERTY: TAXATION.  Property used directly, immediately and exclusively for religious purposes is exempt from taxation, without regard to the question of absolute ownership.

2. Bill of Exceptions: OMISSIONS: REVIEW.  Where, upon an inspection of a bill of exceptions, palpable omissions appear, as that certain exhibits introduced are not incorporated therein, the reviewing court will not pass upon the sufficiency of the evidence to sustain the finding below.

3. Landlord and Tenant: PAYMENT OF VOID TAXES.  A tenant, by assuming in a lease the payment of taxes which shall be subsequently levied upon the demised premises, does not thereby obligate himself to pay any taxes which may be illegal and void.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J.   Affirmed.

W. A. Saunders, for appellant.

Will H. Thompson and D. W. Merrow, contra.

NORVAL, C. J.

This suit was instituted in the court below by George W. Scott to foreclose a tax certificate upon the west half lot 7, block 73, in the city of Omaha, for the taxes of 1889, and for state, county and city taxes subsequently paid by the tax purchaser. At the time the 1889 taxes were levied, as well as when the tax sale occurred, the premises were owned by one David H. Bowman, who, on February 20, 1889, executed a lease therefor to the defendant, the Society of Russian Israelites, for the term of ten years, the lessee agreeing to pay, in addition to the monthly rental agreed upon, all taxes and assessments imposed against the property during the lease. The defendant obtained the lease for the purpose of erecting on the lot a house for worship, and in March, 1889, the society commenced the erection of a building on said premises, which was completed in May following, and thereupon the property was used and occupied by the defendant exclusively for religious purposes. State, county and city taxes for the year 1890 were levied on the premises, which the plaintiff paid under his tax purchase. The district court found that the 1890 taxes were illegal and void, and rendered a decree for the plaintiff for the taxes for the year 1889. He has appealed.

The first argument of plaintiff is that real estate occupied and used exclusively for religious purposes is not exempt from taxation, unless the occupant is the owner. The proper solution of this question necessitates an examination of the provisions of the constitution and statute bearing upon the subject.

By section 2, article 9, of the constitution it is provided: "The property of the state, counties and municipal corporations, both real and personal shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempt from taxation, but such exemption shall be only by general law."

Section 2, article 1, chapter 77, Compiled Statutes, de- clares: "The following property shall be exempt from taxation in this state: First—The property of the state, counties and municipal corporations, both real and per- sonal. Second—Such other property as may be used ex- clusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes."

The language of the provisions quoted is plain. There is exempt from taxation all property used exclusively for religious purposes. It is the exclusive use for the pur- pose named which determines whether the property is subject to the burden of taxation or not. See *Omaha Medical College v. Rush*, 22 Nebr., 449; *Academy of the Sacred Heart v. Irey*, 51 Nebr., 755; *Washburn College v. Shawnee County*, 8 Kan., 344; *St. Mary's College v. Crowl*, 10 Kan., 442; *Gerke v. Purcell*, 25 O. St., 229. To hold that a religious society must be the absolute owner of the property occupied or used by it exclusively for church purposes to create the exemption would be to inject words into the constitution and statute which are not therein written. This we have no power to do.

In *Washburn College v. Shawnee County*, 8 Kan., 344, the court construed the provision of the constitution of Kan- sas, which reads, "All property used exclusively for state * * * literary, educational, scientific, religious, benevo- lent and charitable purposes * * * shall be exempt from taxation," and in the course of the opinion Brewer, J., observed: "To bring this property within the terms of the section quoted it must be 'used exclusively for liter- ary and educational purposes.' This involves three things: first, that the property is used; second, that it is used for educational purposes; and third, that it is used for no other purpose. * * * Nor is ownership evidence of use. * * * This is too plain to need either argument or illustration. If the framers of the constitution had intended to exempt all property be- longing to literary and charitable institutions from taxa- tion, the language employed would have been very dif-

ferent. They would have used the simple, ordinary language for expressing such intention. The fact that they ignored 'ownership' and made 'use' the test of exemption, shows clearly that they recognized the essential distinction between the two, and established the latter rather than the former as the basis of exemption. * * * And this, as we have seen, was ignored as a rule of exemption; and that which was established was the present and exclusive use for certain designated purposes."

In *St. Mary's College v. Crowl*, 10 Kan., 442, Valentine, J., speaking to the same subject, said: "It is solely the use of the property which determines whether the property is exempt or not. *Washburn College v. Shawnee County*, 8 Kan., 344. It makes no difference who owns the property, nor who uses it. Property used exclusively for educational purposes is exempt, whoever may own it, or whoever may use it. Property not used exclusively for educational purposes (if otherwise taxable,) is not exempt, whoever may own it, or whoever may use it."

The provision of the constitution of Ohio relative to exemption from taxation provides: "Burying grounds, public school-houses, houses used exclusively for public worship, institutions of purely public charity, public property used exclusively for any public purpose * * * may, by general law, be exempt from taxation." See Constitution, art. 12, sec. 2. This provision was under consideration in *Gerke v. Purcell*, 25 O. St., 229, the court saying: "With the exception of a limited amount of personal property, which is authorized to be allowed to individuals, the property that may be exempted from taxation depends either upon its ownership, or the use to which it is applied, or upon both. The exemption of 'burying grounds,' 'houses used exclusively for public worship,' 'and institutions of purely public charity,' does not depend on the ownership of the property. The uses that such property subserves, constitutes the ground for its exemption." See *State v. Bell*, 45 N. W. Rep. [Minn.], 615.

The two cases cited by plaintiff are not in point. We are constrained to hold that the property in question was not liable for general taxes for the year 1890.

It is next insisted that defendant is estopped from claiming the invalidity of these taxes, by reason of an alleged former adjudication in a cause between the parties. The court below made no finding on this issue tendered by the reply, and this court is unable to pass upon the question, for the reason that certain exhibits introduced in evidence on the trial are not incorporated in the bill of exceptions. In view of this fact, it can not be determined whether a prior adjudication was established or not.

Finally it is claimed that the defendant, having stipulated in the lease to pay the taxes on the property, is thereby estopped from urging their invalidity. This argument is fallacious. The society, by the provision in the lease, did not preclude it from urging the invalidity of any taxes that should be assessed against the property. Its obligation was to pay the legal taxes, and no more. Notwithstanding the premises were used exclusively for religious purposes, yet they were not exempt from any special assessment that might be legally levied by the city of Omaha. See *City of Beatrice v. Brethren Church of Beatrice*, 41 Nebr., 358. The decree is

AFFIRMED.