THE PEOPLE ex rel. Patrick J. Carr, County Collector, Defendant in Error, vs. THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. TAXES—*property not owned by city is not exempt because used for municipal purposes.* Property not owned by a city but leased by it and used for municipal purposes is not exempt from taxation because it is so used, as section 3 of article 9 of the constitution contemplates ownership of property by a municipality to authorize its exemption from taxation.

2. SAME—*when public playgrounds are not exempt from taxation.* Property leased by a city for public playgrounds is not exempt from taxation where the grounds are not enclosed with or parts of school buildings or grounds and are not managed by school authorities but are in the nature of public parks and are open to the public generally.

3. SAME—*when property is not exempt as being owned by city under a long-term lease.* The fact that a city holds a thirty-year lease on property with privilege of two renewals amounting to an additional sixty-nine years does not authorize exemption of the property from taxation on the ground that it is owned by the city, as the lease is, in fact, a lease for thirty years and may be terminated at the end of that time by the city.

4. SAME—*when property used for a city hospital is not exempt from taxation.* Property leased by a city and used by it for a public hospital is not exempt from taxation as an institution of public charity under clause 7 of section 2 of the Revenue act, as the city is not an institution of public charity and the property brings to its owner an income represented by the proceeds of the lease; and the fact that in the lease the city has contracted to pay all taxes and assessments does not render the property exempt.

WRIT OF ERROR to the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for plaintiff in error.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (HAYDEN N. BELL, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The city of Chicago objected to the judgment sought by the county collector for the sale of certain property for the payment of delinquent taxes for the year 1924. Nine pieces of property are involved, four of which are used for public playgrounds, three for police department buildings, one as a fire engine house, and one as a hospital, known as the Illinois Memorial Hospital of the city of Chicago. It is not contended as to eight parcels that they are owned by the city, as they are all leased to it. There is, however, a claim that as to the hospital the lease may, by election, run for a period of ninety-nine years, and that therefore such a lease is, in effect, a species of title thereto. There is no dispute as to the uses of the properties nor is it claimed that such uses are not proper municipal purposes. By the terms of the leases relating to the four playground properties the city is to pay one dollar per year and assume and pay all taxes and assessments thereon during the terms of the leases. As to the other five properties, substantial rentals are by the terms of the leases to be paid by the city to the owners of the property, and in addition thereto the city assumes and agrees to pay all taxes thereon. The court overruled the objections and entered judgment of sale, and the cause comes here for review.

The city contends that by the provisions of the ninth clause of section 2 of the Revenue act the property in question is exempt from taxation regardless of the ownership thereof. It claims, also, that the use of the playgrounds is, in effect, a use for school purposes. The ninth clause of section 2 of the Revenue act provides that the following property shall be exempted from taxation: "All market houses, public squares or other public grounds used exclusively for public purposes; all works, machinery and fixtures belonging exclusively to any town, village or city."

Clause 6 of said section exempts "property owned by any city or village located within the incorporated limits thereof," etc. The city admits that as to all property except the hospital property it has no ownership and such property cannot be exempted as property of the city but that it is to be included in "other public grounds" specified by clause 9 of section 2 as exempt; that this clause does not specifically require ownership and that the use for public purposes is sufficient to make the property exempt.

The exemption of property from taxation is governed primarily by section 3 of article 9 of the constitution, which is as follows: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." This section divides property which may be exempted into two classes: that of the State, counties or municipal corporations, and that used exclusively for the purposes specified in the last clause of the section.

Plaintiff in error contends that the use, and not the ownership, is to govern the question of exemption as to this property, and cites *People* v. *Salvation Army*, 305 Ill. 545, as authority for that position. In that case the clause of the Revenue act under consideration was clause 2 of section 2, relating to property used exclusively for religious purposes, and it was there held that as the law now exists, exemption of property to which that clause is applicable does not depend upon the ownership thereof. But it does not follow that because property used exclusively for religious purposes shall be exempted without regard to ownership, property used for municipal purposes should be likewise exempted. In *People* v. *City of Toulon*, 300 Ill. 408, this court said: "Within the contemplation of the constitution municipal corporations must be the owners of the

property before the same can be exempted from taxation." It is admitted that the city does not own the pieces of property other than the hospital property.

Nor is the playground property exempt as a part of school property. The playgrounds are not enclosed with or parts of school buildings or grounds nor are they managed by school authorities. They are in the nature of public parks and are open to the use of the public generally, and while playgrounds within the same enclosures with school buildings have been held to be exempt, (*People* v. *St. Francis Academy,* 233 Ill. 26; *Monticello Female Seminary* v. *People,* 106 id. 398;) such rule does not apply here. The court was correct in overruling the objections as to the playgrounds, police and fire department properties.

As to the hospital property the city does not show proof of ownership. The record shows that the city holds a lease of that property, dated 1908, for a period of thirty years, with privilege of two renewals amounting to an additional sixty-nine years. The lease, however, is in fact a lease for thirty years and may be terminated at the end of that time by the city. Such does not show title in the city. Clause 6 of section 2 provides for the exemption of property belonging to a city. This is in accordance with the provisions of the constitution, but as it cannot be said this property belongs to the city that clause cannot have application.

It is contended that regardless of that fact the hospital is operated for charitable purposes and should be exempted from taxation. Clause 7 of section 2 of the Revenue act provides for the exemption of "all property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States and all property of old people's homes when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit; and all free public libraries." That a hospital which is not conducted for profit

is a charitable institution was decided by this court in *Sisters of St. Francis* v. *Board of Review,* 231 Ill. 317. The language of clause 7 refers to property of institutions of public charity. A city is not an institution of public charity. In *People* v. *Ravenswood Hospital,* 238 Ill. 137, it was held that in order to exempt hospital property from taxation it must be shown to be owned by an institution of public charity. That clause also provides that such property, in order to be exempt, shall not be "leased or otherwise used with a view to profit." Real estate taxes are levied against the property. Exemptions are exemptions of the property. Such taxes are not levied against persons or institutions, and exemptions therefrom are not exemptions to persons or institutions, though the effect may be to relieve the owner of the payment of the taxes to protect his interest in the property. The tax is against the property. In order, therefore, that the property be exempt when used for charitable purposes it is provided that it shall not be leased or used with a view to profit. In this case the property in which the hospital is conducted is under lease and by the terms of the lease produces an income to its owner of $1800 per year. The city, as lessee, agrees to pay this amount at the rate of $150 per month and in addition to pay all taxes and assessments thereon. The property, therefore, is what is known as "income-bearing property." In determining whether or not property is exempt it is necessary to apply the rule that exemption statutes must be construed strictly, and the further fundamental consideration that real estate taxes are against property and not against individuals, and that exemptions are to apply to property that is not bearing an income but is used solely for the purposes declared to be exempt. This property, therefore, does not comply with the provisions of clause 6, 7 or 9 of section 2 of the Revenue act, relating to exemptions, and we know of no provision under the law exempting property which, in fact, bears an income not devoted to

purposes which renders the property exempt. In this case the sum of $1800 per year is paid to the owner of the land, and it is the contemplation of the law, therefore, that the land shall bear its share of taxation. It cannot be questioned that the owner would in the absence of such a lease be required to pay the taxes. The fact that the city has contracted to assume that burden does not render exempt property which is not exempt by law.

The judgment of the court in overruling the objection to the taxes as to all of this property will be affirmed.

*Judgment affirmed.*