Jefferson Standard Life Insurance Company v. City of Wildwood and J. A. George, as Tax Collector of the City of Wildwood.

160 So. 208.
Division A.
Opinion Filed March 15, 1935.
Rehearing Denied April 5, 1935.

*Paul Game,* for Appellant;

No appearance for Appellees.

Whitfield, C. J.—In a bill of complaint seeking to enjoin the collection of municipal taxes on real estate claimed to be exempt from taxation under the laws of Florida, it is alleged that the property taxed, viz.:

The "building and the lot on which the same is situated was rented by your orator to the congregation of the First Baptist Church of Wildwood, Florida, and during all of said time (tax period), and continuously up to the present time, said building has been and is now used by the congre-

gation of said First Baptist Church, as a house of public worship, and during none of said time has said building been rented or hired for any other purpose except for a place of worship." Title to the property was acquired by the complainant through mortgage foreclosure proceedings.

The bill of complaint was dismissed on motion, and complainant company appealed.

The Constitution contains the following: "The Legislature shall provide for a uniform and equal rate of taxation * * * and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes." Sec. 1, Art. IX. "The property of all corporations, * * * shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." Sec. 16, Art. XVI.

The statute provides in Section 897 (697) C. G. L.: "The following property shall be exempt from taxation: * * *

"Fourth: All houses of public worship and the lots on which they are situated, * * * but any building being a house of worship which shall be rented or hired for any other purpose except for schools or places of worship shall be taxed the same as any other property."

In this case the property is not *held and used* exclusively for religious purposes. It is alleged that the property is "rented by your orator," a corporation, to the congregation of the church, therefore being held for rental purposes it is not "held and used exclusively for religious * * * purposes within the meaning of the provisions of Section 16, Article XVI of ·the Constitution.

The above quoted provision of the statute does not by its obvious intendments exempt from taxation property of a business corporation that is rented by such corporation for religious purposes. Any other interpretation of the statute would violate the provisions and intendments of Section 16, Article XVI, of the Constitution which expressly make "the property of all corporations * * * subject to taxation unless such property be held and used exclusively for religious * * * purposes."

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.