[L. A. No. 18674. In Bank. May 2, 1944.]

EDNA E. ROSS et al., Respondents, v. CITY OF LONG BEACH, Appellant.

Irving M. Smith, City Attorney, and Joseph B. Lamb and Frank C. Charvat, Deputies City Attorney, for Appellant.

J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, as Amici Curiae on behalf of Appellant.

W. Ward Johnson and Frederic A. Shaffer for Respondent.

CURTIS, J.—This is an appeal from a judgment in favor of the plaintiffs after the overruling of a general demurrer to plaintiffs' complaint. The defendant was given time in which to answer the complaint, but failed to do so with the result that judgment was entered against it on January 15, 1943, and the appeal now before us is from said judgment.

The action was brought to recover taxes alleged to have been illegally levied upon real property belonging to plaintiffs and paid by them under protest. The property involved is certain property situated in the city of Long Beach and the improvements thereon.

It is alleged in the complaint "that there is now, and at all times herein mentioned has been, located upon said real property a building, and the entire premises, both said real property and building, are now and at all times herein mentioned, and ever since February 28, 1941, have been exclusively possessed and occupied by Long Beach City High School District of Los Angeles County, California, and during all such times said premises have been used exclusively as and for a public school."

It is plaintiffs' contention that said property is exempt from taxation under the provisions of section 1 of article XIII of the Constitution of this state. Said section of the Constitution in part provides that "All property in the State except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed . . . The word 'property,' as used in this article and section, is hereby declared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership; . . . *provided,* that property used for free public libraries and free museums,

growing crops, *property used exclusively for public schools,* and such as may belong to the United States, this State, or to any county, city and county, or municipal corporation within this State *shall be exempt from taxation."* (Italics ours.)

It will be noted that under this section of the Constitution, property which is exempt from taxation is divided into two separate and distinct classes, that is, "property used exclusively" for certain purposes including "public school purposes," and property "as may *belong* to the United States," and other governmental bodies. The contention is made and supported by some authorities that if property is in private ownership but rented to a school district, and the district occupies it and is in physical possession of the whole of said property and uses it for school purposes and for no other purpose, still said property is not exempt under said constitutional provision for the reason that it is owned by a private individual, and by the owner rented or leased to the school district. To so construe the constitutional provision would tend to eliminate the main distinction between the two classes of property enumerated therein. In order to so construe this provision of the Constitution it would be necessary to insert therein the words "which may belong to a school district" or words of similar import, so that the clause respecting property used for public school purposes would read "property which may belong to a school district and used exclusively for public school purposes." To insert these suggested words into this section of the Constitution would give to it an added meaning not to be found in the definite language of the section as adopted by the people. ▉ "Courts are no more at liberty to add provisions to what is declared [in the Constitution] in definite language, than they are to disregard existing express provisions [of the Constitution]." (5 Cal.Jur. 599; *People* v. *Campbell,* 138 Cal. 11, 15 [70 P. 918].)

▉ As we read the section of the Constitution above quoted in part, we find nothing therein which is either uncertain or ambiguous or calls for construction or interpretation. It clearly provides that property which belongs to the United States, the state, county, city and county or municipal corporation in the state, is exempt from taxation, and it just as clearly provides that property used exclusively for certain purposes including public schools, is also exempt from

taxation. This section of the Constitution was before this court in the case of *Anderson-Cottonwood I. Dist.* v. *Klukkert*, 13 Cal.2d 191, 192 [88 P.2d 685]. In that case this court stated the problem in the following language: "Basically, the merits of the cause are determinable from a consideration of the pertinent provisions that are contained within section 1 of article XIII of the Constitution of this state. Therein, it is provided that '. . . property *used* for free public libraries and free museums, growing crops, property *used* exclusively for public schools, and such *as may belong to* the United States, this state, or to any county, city and county, or municipal corporation within this state shall be exempt from taxation, . . .' (Italics added.)" It was there contended that this provision of the Constitution in certain respects was ambiguous and should be construed by the court. In considering this contention the court following the decision in *San Francisco* v. *McGovern*, 28 Cal.App. 491 [152 P. 980] held: (p. 196) "We find ourselves unable to discover, from the language employed in the constitution [art. XIII, sec. 1], any reason for interpretation, or ground for entertaining doubt as to its meaning. The language employed in classifying the property declared to be exempt from taxation, it will be noted, limits the exemption as to property *used* for free public libraries and free museums and property *used* for public schools, but the language following is—'and such (property) as may *belong* to the United States, this state, or to any county or municipal corporation within this state shall be exempt from taxation.' "

"Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature (or framers of a constitution) should be intended to mean what they have plainly expressed, and consequently, no room is left for construction. Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere." (*San Francisco* v. *McGovern*, 28 Cal.App. 491, 499 [152 P. 980], quoting from *State* v. *McGough*, 118 Ala. 159 [24 So. 395].)

It is further suggested that the intent of the framers of the Constitution, and of the people in adopting it, to exempt from taxation property in private ownership and leased to a school district and used by the district exclusively for public schools, is emphasized by reason of subsequent enact-

ments of said section of the Constitution without amendment, while similar constitutional exemptions were subsequently made respecting other and different classes of property and by such subsequent enactments it was expressly provided that no property so used which may be *rented* and *the rent received by the owner* therefor shall be exempt from taxation.

Section 1 of article XIII was in the original Constitution adopted in 1879. This section was readopted with certain amendments in 1894, 1910, and 1914, but the provision exempting property used exclusively for public schools from taxation was retained without any change whatever. Subsequently section 1½ of article XIII, exempting church property from taxation, was adopted in 1900, and section 1½a, exempting orphanages, was adopted in 1920. Each of these subsequently adopted sections expressly provides that no property ''so used'' which may be rented and the rent received by the owner therefor shall be exempt from taxation. We may well infer from a consideration of these three sections of the Constitution, each providing for the exemption of a certain class of property, as two of them contain an express exception of property where rented and the owner thereof receives the rent, and the other of the three sections contains no such exception, that a different rule is to be applied in one case from that which would control in the other. In other words, by section 1 of article XIII property used exclusively for public school purposes is declared exempt from taxation, while under sections 1½ and 1½a church property and property used as an orphanage are declared exempt from taxation only when not rented from a private owner who receives rent for the use of his property.

Evidently the framers of the Constitution in making the exception in favor of property used exclusively for public school purposes had in mind the great benefits derived from our educational institutions and desired to relieve them from the burden of taxation. The history of this state shows that it has been the steadfast policy of the people of the state to encourage in every possible way the cause of education. ■ The exemption of property used for public school purposes is not for the benefit of the private owner who may rent his property for said purpose, but for the advantage of the school district that may be compelled to rent property rather than to buy land and erect buildings thereon to be used for the maintenance of its school. With this advantage the school

district is able to rent property for a lower rental than the owner of the same property would be willing to accept from a private individual, for the reason that if rented to a school district the owner is relieved from the payment of taxes thereon. On the other hand, if there is no exemption from taxation of property in private ownership but rented to a school district and by it used exclusively for public school purposes, then a school district, when finding it necessary to rent property to be used in the work of maintaining its school, must compete with private persons and pay the same or higher rental than private persons would pay in order to secure property of the same kind and character.

We conclude therefore that the property involved herein is property used exclusively for public school purposes and is thus exempt from taxation. In the consideration of the question now before us, we are assuming that the real property of the plaintiffs has been rented or leased by them to the school district for a monetary consideration, and that the school district is not using the same free of rent. The complaint is silent on this question, and we are controlled entirely by the facts alleged therein. Of course, the plaintiffs would be in a much more advantageous position were they permitting the school district to use their property without the payment of rent. Were that the situation between the parties, we would expect that fact to be set forth in the complaint. Not being alleged, we assume that it does not exist.

Furthermore, in the ordinary course of business the occupancy of premises by one person with the consent of the owner creates the relation of landlord and tenant, and in the absence of an understanding to the contrary, implies an agreement on the part of the tenant to pay a reasonable rent for such occupation. (32 Am.Jur. p. 349.) It is presumed that in business transactions between individuals the ordinary course of business has been followed. (Code Civ. Proc., § 1963, subd. 20.) We are making this situation clear, as we desire it to be definitely understood that our opinion in this case is not based on any assumption or on any uncertain supposition that the school district is in the possession and is enjoying the use of the property free of rent.

Appellant and amici curiae take the position, relying principally upon certain decisions of other jurisdictions, that the property in question is not exempt from taxation

for the reason that, as they construe said constitutional section, it is not "used exclusively for public school purposes." They concede that the school district is in the exclusive physical possession of the entire property and is actually using the whole thereof for public school purposes. However, they take the position that such possession and such use of the property by the school district does not bring it within the terms of the Constitution declaring that property "used exclusively for public school purposes" is exempt from taxation. They contend that there is a further and additional use of said property than that for which the school district uses it, and that is the use by the private owner who rents it for the purpose of deriving revenue therefrom. In this contention they cite and claim that they are supported by the decisions of a number of courts of other judisdictions. (*Travelers' Ins. Co.* v. *Kent,* 151 Ind. 349 [50 N.E. 562, 51 N.E. 723] ; *People* v. *City of Chicago,* 323 Ill. 68 [153 N.E. 725] ; *Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135 [192 N.E. 780] ; *State ex rel. Hammer* v. *Macgurn,* 187 Mo. 238 [86 S.W. 138, 2 Ann.Cas. 808] ; *South Dakota Sigma Chapter House Assn.* v. *Clay County,* 65 S.D. 559 [276 N.W. 258] ; *Norwegian Lutheran Church* v. *Wooster,* 176 Wash. 581 [30 P.2d 381].)

The cases from the Supreme Courts of South Dakota and Washington and *Turnverein "Lincoln"* v. *Bd. of Appeals* from the Supreme Court of Illinois are easily distinguishable from the present case. The cases from the Supreme Courts of Missouri and Indiana and *People* v. *City of Chicago* from the Supreme Court of Illinois may be said to support the position of the appellant and amici curiae. As against these authorities the respondents cite the following cases which appear to be in point and sustain their position. (*State* v. *Alabama Educational Foundation,* 231 Ala. 11 [163 So. 527] and two prior decisions from the same state; *Washburn College* v. *County of Shawnee,* 8 Kan. 344; *Scott* v. *Society of Russian Israelites,* 59 Neb. 571 [81 N.W. 624] ; *Gerke* v. *Purcell,* 25 Ohio St. 229.)

The opinion in the case of *Washburn College* v. *County of Shawnee, supra,* was written by Mr. Justice Brewer, who later became a member of the United States Supreme Court. We find the following paragraph from the opinion, which we quote: (8 Kan. 349) "To bring this property within the terms of the section quoted it must be 'used exclusively for

literary and educational purposes.' This involves three things, *first*, that the property is used; *second*, that it is used for educational purposes; and *third*, that it is used for no other purpose. . . . Nor is ownership evidence of use. . . This is too plain to need either argument or illustration. If the framers of the constitution had intended to exempt all property belonging to literary and charitable institutions from taxation, the language employed would have been very different. They would have used the simple, ordinary language for expressing such intention. The fact that they ignored 'ownership,' and made 'use' the test of·exemption, shows clearly that they recognized the essential distinction between the two, and established the latter rather than the former as the basis of exemption.''

In *Scott* v. *Society of Russian Israelites, supra,* it is concisely stated: (59 Neb. 573) ''To hold that a religious society must be the absolute owner of the property occupied or used by it exclusively for church purposes to create the exemption would be to inject words into the constitution and statute which are not therein written. This we have no power to do.''

It thus appears that the authorities from other jurisdictions are in conflict. To hold, however, with the appellant and follow the authorities cited by it and amici curiae, it would be necessary for us to construe the consitutional section of our state as requiring property used by a school district for public school purposes not only to be solely used by the district but also to be owned by the district before it would be exempt from taxation. As previously stated in this opinion, we are not able to so construe the applicable section of our Constitution. On the other hand, we are in accord with the decisions of those courts in other jurisdictions, as well as in our own, which hold that it is the *use* and not the *ownership* of the property in the possession of a school district and used by it for public school purposes that determines its status as property exempt from taxation.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., and Schauer, J., concurred.

TRAYNOR, J., Dissenting.—It is the established rule in this state that no property shall be exempt from taxation unless

the Constitution clearly makes it exempt. Tax exemption provisions are therefore strictly construed. (*Cypress Lawn Cemetery Association* v. *San Francisco*, 211 Cal. 387, 390 [295 P. 813]; *San Francisco* v. *Pacific Telephone & Telegraph Co.*, 166 Cal. 244 [135 P. 971]; *Bay Cities Transportation Co.* v. *Johnson*, 8 Cal.2d 706 [68 P.2d 710].) It is to be noted that section 1 of article XIII of the California Constitution does not exempt all property *owned* by a public school district, as it does property owned by the United States, the state, counties, and municipal corporations. The school property exempted is limited to that used exclusively for public schools. It is my opinion that in so wording the section, the framers of the Constitution did not intend to accord greater tax exemption privileges to school districts than to the United States, the state, counties, and municipal corporations, and certainly did not intend to exempt from taxation privately owned property. On the contrary, by setting apart school property from that of the other public bodies and making its exemption dependent on its use for public schools, they intended to provide for the taxation of any property belonging to school districts but not used exclusively for public schools.

The constitutional provisions relied upon by plaintiffs exempt *"property* used exclusively for public schools." (Italics added.) The word "property" includes all of the interests and estates therein. There is a recognized distinction in the several interests that may exist in property, and this court has sanctioned their separate consideration for purposes of taxation. (*Pacific Wharf & Storage Co.* v. *County of Los Angeles*, 180 Cal. 31 [179 P. 398]; *San Pedro etc. R. R. Co.* v. *Los Angeles*, 180 Cal. 18 [179 P. 393]; *Central Manufacturing Dist. Inc.* v. *State Board of Equalization*, 214 Cal. 288 [5 P.2d 424]; *Graciosa Oil Co.* v. *Santa Barbara County*, 155 Cal. 140 [99 P. 483, 20 L.R.A.N.S. 211]; *Hammond Lumber Co.* v. *County of Los Angeles*, 104 Cal.App. 235 [285 P. 896]; *Hammond Lumber Co.* v. *City of Los Angeles*, 12 Cal.App.2d 277 [55 P.2d 891].) It follows that the property is not tax exempt unless all interests in the property, including the lessor's interest, are used exclusively for public schools. Even if the interest of the lessee school district is used exclusively for public schools, it does not follow that the interest of the lessor who has rented his property for private gain is so used. The lessor, like any other lessor of commercial property, uses his interest in the property, not

for public schools, but for the ordinary commercial use of producing income. (*In re South Dakota Sigma Chapter House Assn.* v. *Clay County,* 65 S.D. 559 [276 N.W. 258]; *State ex rel. Hammer* v. *Macgurn,* 187 Mo. 238 [86 S.W. 138, 2 Ann.Cas. 808]; *Jefferson Standard Life Ins. Co.* v. *City of Wildwood,* 118 Fla. 771 [160 So. 208]; *Travelers' Ins. Co.* v. *Kent,* 151 Ind. 349 [50 N.E. 562, 51 N.E. 723]; *Spohn* v. *Stark,* 197 Ind. 299 [150 N.E. 787]; *Norwegian Lutheran Church* v. *Wooster,* 176 Wash. 581 [30 P.2d 381]; *Laurent* v. *City of Muscatine,* 59 Iowa 404 [13 N.W. 409]; see *Carteret Academy* v. *State Board,* 102 N.J.L. 525 [133 A. 886].) The removal of such property from the tax rolls serves only to increase the tax burden on other property to meet the costs of government that would otherwise be met by taxes on the exempted property.