[Civ. No. 42277. First Dist., Div. Three. Oct. 13, 1978.]

JOHN M. MANN et al., Plaintiffs and Appellants, v.
COUNTY OF ALAMEDA et al., Defendants and Respondents.

## COUNSEL

Himelstein & Savinar and Mark Himelstein for Plaintiffs and Appellants.

Richard J. Moore, County Counsel, and James F. May, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**FEINBERG, J.—** ▇ Appellants, students residing in university family housing located in Alameda County and owned by the University of California, Berkeley, sought a refund of taxes paid under protest on their possessory interests in the apartments arising from their leases thereto. The trial court held that the interests of the students were taxable. We hold that the possessory interests of the students are exempt from taxation under article XIII, section 3, subdivision (d) of the California Constitution and therefore we reverse.

On March 1, 1976, each of the appellants was residing in an apartment owned by the University of California under a lease agreement with the university. The university apartments are only available to married students and to single students with children, and the lessee must be a registered, full-time student at the university. A tax on appellants' leasehold interests was first imposed by the County of Alameda for the 1976-1977 fiscal year. Appellants each paid the tax under written protest and filed this action for tax refund, declaratory and injunctive relief. The matter was certified as a class action, the class consisting of residents of family housing at the University of California, Berkeley, who were living in the units on or about March 1, 1976, and had paid a possessory interest tax under protest.

Does a Student's Possessory Interest in
Family Housing Owned by the University
of California Constitute a Taxable
Interest in Real Property?

Article XIII, section 1 of the California Constitution provides in substance that all real property in California is subject to property tax except for property exempted by the California Constitution or the laws of the United States. Appellants and respondents agree that article XIII of the California Constitution exempts property owned by the University of California from state property tax. They disagree as to whether that article also exempts a student's leasehold interest in the property owned by the university.

Respondents assert that land owned by the university is exempt under article XIII, section 3, subdivision (a), which provides a property tax exemption for property owned by the state. A private person's leasehold interest in property owned by the state is not generally held to be exempted from tax by section 3, subdivision (a). (*De Luz Homes, Inc.* v. *County of San Diego* (1955) 45 Cal.2d 546 [290 P.2d 544]; *Lucas* v. *County of Monterey* (1977) 65 Cal.App.3d 947, 956 [135 Cal.Rptr. 707]; *McCaslin* v. *DeCamp* (1967) 248 Cal.App.2d 13 [56 Cal.Rptr. 42].) We do not quarrel with that proposition.

However, article XIII, section 3, subdivision (d), provides a property tax exemption for "Property . . . used exclusively for public schools, community colleges, state colleges, and state universities." This court has recently held that the University of California is a "state university" within the meaning of this section. (*Regents of University of*

*California* v. *State Bd. of Equalization* (1977) 73 Cal.App.3d 660 [140 Cal.Rptr. 867].) The question then becomes whether students' leasehold interests are property "used exclusively for" the University of California, within the meaning of the section.

In *Church Divinity Sch.* v. *County of Alameda* (1957) 152 Cal.App.2d 496 [314 P.2d 209], the court set forth a test of "exclusive use" in the context of an analogous exemption. That case turned on an interpretation of article XIII, section 1a,[1] the predecessor section to present section 3, subdivision (e).[2] It provided that "Any educational institution of collegiate grade . . . not conducted for profit, shall hold exempt from taxation its buildings and equipment, its ground . . . used exclusively for the purposes of education." In *Church Divinity School*, Alameda County sought to impose a property tax *directly* on two divinity schools. The property was owned by the schools and consisted of (1) a parking lot set aside for students, faculty and staff in attendance at the school for which a minimal monthly parking fee was charged; (2) faculty housing provided rent free; and (3) married student housing. The court held that property "used exclusively for educational purposes" includes "any facilities which are reasonably necessary for the fulfillment of a generally recognized function of a complete modern college." (152 Cal.App.2d at p. 502.) The court further held then that all the property involved was "reasonably necessary" for the fulfillment of such a function, and that such property was therefore exempt from a tax levied directly on the college.

It is true that in *Church Divinity School* the tax was levied directly on the college as the owner of the property, whereas in the case at bench, the tax is levied on the students' possessory interest in the property. Subsequently, it was held, however, in *English* v. *County of Alameda* (1977) 70 Cal.App.3d 226 [138 Cal.Rptr. 634],[3] that the section 3, subdivision (e) exemption applies not only to the reversionary interest that the college has in the property, but also to the leasehold interests of the students in the property. Section 3, subdivision (d) employs the phrase "used exclusively for . . . state universities." Section 3, subdivision (e) uses the phrase "used exclusively for educational purposes by a nonprofit institution of higher education." No reason appears to exist why

---

[1] Hereafter, all section references are to article XIII of the California Constitution.

[2] We need not decide whether appellant's leasehold interests are exempt from tax under section 3, subdivision (e) or whether, as respondents assert, section 3, subdivision (e) applies only to property used by *private* institutions of higher education.

[3] The trial court did not have the benefit of the *English* opinion in rendering its judgment, since *English* came down *after* judgment was entered.

the words "used exclusively" should be given different meanings in the two subsections; on the contrary, it seems obvious that they should be given the same meaning for they appear in immediate sequence and in the same context, namely, tax exemption. Furthermore, both sections exempt certain property from taxation, not on the basis of its ownership, but on the basis of its use for a public purpose. (*Ross* v. *City of Long Beach* (1944) 24 Cal.2d 258 [148 P.2d 649].) The public purpose which is the ground of the relevant exemption provided by section 3, subdivision (d) is the same as the public purpose which grounds the section 3, subdivision (e) exemption. Section 3, subdivision (e) exempts certain property used "for educational purposes"; section 3, subdivision (d)'s exemption of property used for, inter alia, state universities, is grounded on a policy of "[encouraging] the cause of education." (*Ross* v. *City of Long Beach, supra,* at p. 262.) Thus, there can be no basis for finding that a given use of property is within the intended scope of section 3, subdivision (e), but *not* within the intended scope of section 3, subdivision (d).

In light of the holding in *Church Divinity Sch.* v. *County of Alameda, supra,* 152 Cal.App.2d 496, that married student housing owned by the school was encompassed within the meaning of "used exclusively for educational purposes" in former section 1a, we conclude, therefore, that married student housing used exclusively for a state university comes within the ambit of section 3, subdivision (d).

Thus, since *English, supra,* holds that the possessory interest of the student is exempt, *Regents of University of California, supra,* holds that the University of California is a state university within the meaning of section 3, subdivision (d), it would seem to follow that the students' possessory interest in the case at bench is exempt.

Respondents' response is that section 3, subdivision (d) was intended to apply *only* where the housing involved is *not* state owned. As they point out, section 3, subdivision (a) exempts from taxation *all* state-owned property. Thus, insofar as section 3, subdivision (d) might relate to state-owned property, it would be surplusage and, hence, it should not be so construed.

But if the state-owned property is not within the purview of section 3, subdivision (d), then the following anomalous result would obtain:

If a student leases student housing and the housing is owned by the state, the student's possessory interest in the housing is taxable, but if the student subleases student housing from the state university and the university itself holds a master lease to the property from a private owner, then the student's possessory interest is tax exempt.[4] We do not believe that the people in enacting section 3, subdivisions (a), (d) and (e) intended such a result.

Specifically, therefore, we hold that the possessory interest of students residing in University of California owned housing reserved exclusively for students is exempt from taxation under section 3, subdivision (d).

The judgment[5] is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Appellants to recover their costs.

White, P. J., and Halvonik, J., concurred.

A petition for a rehearing was denied November 9, 1978, and respondents' petition for a hearing by the Supreme Court was denied December 6, 1978.

---

[4]While anomalies in the law are not unheard of, more importantly, such a result would give rise to a substantial issue of equal protection.

[5]The case comes on an appeal from a judgment entered pursuant to an order granting defendants'/respondents' motion for summary judgment. Apparently through inadvertence, the formal judgment as entered grants judgment for the plaintiffs. Obviously, there has been a clerical error. Both sides have presented the case as though the judgment was for the defendants. We, of course, treat it in the same way.