[Civ. No. 6718. Third Dist. Nov. 20, 1942.]

L. C. ROBERTSON, Respondent, v. CHARLES G. JOHN-SON, as State Treasurer, etc., Appellant.

HAROLD E. WENTZ et al., Respondents, v. CHARLES G. JOHNSON, as State Treasurer, etc., Appellant.

HAROLD E. WENTZ, Respondent, v. CHARLES G. JOHN-SON, as State Treasurer, etc., Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, H. H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Appellant.

John C. Gillham for Respondents.

ADAMS, P. J.—The appeal herein involves three actions commenced in the Superior Court of Sacramento County, to wit: L. C. Robertson v. Charles G. Johnson, State Treasurer, No. 60450; Harold E. Wentz and Peter J. Somers, doing business under the fictitious name and style of Automobile

Transport Company of Southern California v. Charles G. Johnson, State Treasurer, No. 58255; and Harold E. Wentz v. Charles G. Johnson, State Treasurer, No. 60459.

After trial, all three cases were decided in favor of plaintiffs and a notice of appeal was filed in each case. Thereafter a stipulation was entered into providing for the consolidation of the three actions, it being further stipulated that the record on appeal should consist of the pleadings, findings and judgment in the case of Robertson v. Johnson. The suits involve identical transactions, the same taxing statute and the same issues. Any reference, therefore, to the Robertson case applies equally to the other two cases.

The facts, which are not in dispute, are as follows: During the period involved in the tax assessment levied by the State Board of Equalization, to wit, the period commencing June 1, 1936, to and including December 31, 1937, respondent Robertson was engaged in the business of transporting automobiles throughout the State of California, and was an operator as defined in the California Motor Vehicle Transportation License Tax Act (Stats. 1933, p. 928, as amended; Deering's Gen. Laws, 1937, Act 5130d), hereinafter called the License Act. He used two methods of transportation of automobiles for compensation. The first method was by transporting same on other motor vehicles, that is, he had trucks upon which he loaded new automobiles and delivered them to various points in the State of California. The amount of revenue received from that type of transportation is not in dispute in the instant action. However, respondent also drove and delivered new automobiles for compensation under their own power, that is, he took such automobiles from the factory and drove them himself or through his employees to dealers throughout the state, solely for the purpose of delivery.

It is stipulated by the parties that while driving and delivering said automobiles under their own power respondent displayed thereon special plates which had been issued to him as a transporter by the Department of Motor Vehicles, pursuant to sections 205 and 206 of chapter 4 of division III of the Vehicle Code and that said special plates were the only emblems or number plates displayed on said automobiles during said period of driving and delivery.

Robertson made a return of the gross revenue received for

all automobiles transported by him on trucks, but the gross revenue from the second type of transportation above referred to was not reported. The State Board of Equalization made an additional assessment against him based upon this portion of his gross receipts, and respondent paid to the State of California, under protest, the sum of $2,039.37 covering said additional assessment, and thereafter commenced this action to recover said amount. The court found the facts to be as aforesaid.

Appellant here contends that all of the "gross receipts" of one who is an "operator" under the terms of the License Act are subject to the measure of the tax. Respondent contends that new automobiles delivered by him under their own power are not "motor vehicles" as defined by and for the purpose of the License Act, because they are exempt from registration under the laws of this state and that, inasmuch as the license tax is imposed upon the gross receipts from the operation of "motor vehicles" only, respondent's gross receipts from operations of these exempt automobiles are not subject to the tax. He relies upon section 1(c) of the License Act which provides that "the term 'motor vehicle' shall include all automobiles, trucks, tractors, or other self-propelled vehicles used for the transportation of persons or property upon the public highways, otherwise than upon fixed rails or tracks, and any trailer, semitrailer, dolly or other vehicle drawn thereby, not exempt from registration fees under the laws of this State." And he argues that since the automobiles delivered by him under their own power are equipped only with special plates and are not required to be registered under the provisions of the Vehicle Code, and therefore are not subject to the payment of registration fees, the portion of his gross receipts received for delivering them is exempt from the tax imposed by the License Act.

We are of the opinion that respondent's contention cannot be sustained. It is conceded that he is engaged in "the business of transporting automobiles throughout the State of California" and that he is an "operator" as defined by the License Act. That act imposes a tax upon the "gross receipts" of such operators from their operations.

Section 1(a) prior to its amendment in 1937 provided that the word "operator" shall include all persons, firms, associations and corporations who operate motor vehicles upon

any public highway in this state and thereby engage in the transportation of persons or property for hire or compensation either directly or indirectly. As amended in 1937 it makes certain exceptions, but respondent does not come within the terms of any of such exceptions.

In the recent case of *Bekins Van Lines, Inc.* v. *Johnson,* 21 Cal.2d 135 [130 P.2d 421], plaintiff sought to have the court construe the language of the License Act as applying only to that portion of its gross receipts derived from the actual use of its trucks and vans on public streets and highways, and to exclude the portion attributable to the moving of goods between buildings to or from which they were taken, and the sidewalk where they were loaded into or unloaded from trucks or vans; also that portion derived from intracity pick-up and delivery service. But the court held that the plain language of the License Act determines this issue against plaintiff; that the portion of plaintiff's business the receipts from which it contended were not taxable was but a part of its whole business as an operator subject to the tax, and such receipts were but a portion of its ''gross receipts'' all of which were subject to the tax. It said:

''This Court has heretofore held that 'gross receipts from operation' is plain language which requires no interpretation. (*Pacific Gas & Electric Co.* v. *Roberts,* 176 Cal. 183 [167 P.2d 845]. See, also, *McHenry* v. *Alford,* 168 U.S. 651, 666 [18 S.Ct. 242, 42 L.Ed. 614]; *State* v. *United Electric Light & Water Co.,* 90 Conn. 452 [97 A. 857].) In the case of *Pacific Gas & Electric Co.* v. *Roberts, supra,* somewhat similar provisions adopted in section 14 of Article XIII, applying to public service corporations, were denominated 'perfectly plain, unequivocal language,' and the contention that 'gross receipts' meant 'gross earnings' was rejected. It was held that the language did not contemplate any deduction from the 'gross receipts from operation.' In the case of *McHenry* v. *Alford, supra,* a similar phrase was said to mean 'earnings (receipts) which arise because of its operation,' without any undesignated exceptions. Likewise in the present case 'gross receipts from operation' must be taken in its plain sense without limitation or deduction save as expressly modified by the Legislature. The only modification pertinent in this case is that contained in the definition of 'gross receipts from operation' which adds to the foregoing

quoted phrase the words 'of such motor vehicle or motor vehicles beginning and ending entirely within this state . . .', etc.''

In *Pacific Greyhound Lines* v. *Johnson*, 54 Cal.App.2d 297 [129 P.2d 32], it was contended by plaintiff that bridge and ferry tolls paid by operators of automobile stages were not a part of their gross receipts upon which they were required to pay the tax prescribed by the License Act, but this court held that there is no provision in the act excluding same and that all receipts not specifically excluded are to be included as gross receipts subject to the tax; and that exemptions from taxation are to be strictly construed against the taxpayer. Also see *Peninsula Transit Corp.* v. *Commonwealth*, 165 Va. 614 [183 S.E. 446], and cases there cited.

While it is true that respondent does not have to register new cars which he delivers, whether same are transported on his trucks or under their own power, nevertheless it is conceded that the delivery of cars under their own power is transportation, and such transportation is but a part of respondent's business as an operator. He receives compensation for such transportation and this compensation is a part of his gross receipts as such operator.

The purpose of the License Act is to provide revenue with which to maintain and repair the public highways (*Bacon Service Corp.* v. *Huss*, 199 Cal. 21 [248 P. 235]), and since in the delivery of automobiles under their own power respondent uses such highways and receives compensation for such use no logical reason appears why such part of his operations should be exempt from the provisions of the act.

The judgment is reversed.

Schottky, J. pro tem., and Thompson, J., concurred.

A petition for a rehearing was denied December 19, 1942, and respondents' petition for a hearing by the Supreme Court was denied January 18, 1943.