[Civil No. 4567.   Filed March 8, 1943.]

[133 Pac. (2d) 757.]

WINKLER TRUCKING COMPANY, a Corporation, Appellant, v. B. H. McAHREN, Superintendent of the Motor Vehicle Division, Arizona State Highway Department; AMOS A. BETTS, WILSON T. WRIGHT and WILLIAM PETERSON, as Members of and Constituting the ARIZONA CORPORATION COMMISSION, and THE STATE OF ARIZONA, Appellees.

Mr. Wallace W. Clark, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, Special Counsel for Arizona Highway Department, for Appellees.

ROSS, J.—For the reason that our former opinion is not satisfactory to the appellant or this court, we substitute this opinion for the former one.

This is an action by the Winkler Trucking Company, an Arizona corporation, operating under a certificate of convenience and necessity, to recover license taxes paid by it under protest to the Superintendent of the Motor Vehicle Division of the State Highway Department under section 66–518, Arizona Code 1939. The defendants are the superintendent of such division of the highway department, the members of the Corporation Commission and the State of Arizona.

Under the provisions of section 66–520 a motor carrier is required to pay such license tax to the superintendent before he may test the validity thereof. After he has paid the license tax, he is authorized to maintain an action against the superintendent to recover it, if illegally collected; and, if the judgment goes against such superintendent, it is provided that he shall refund any excess ''from any license tax receipts'' in his possession and immediately certify the fact of refund to the state treasurer, in which certificate the state highway engineer shall join. The court's judgment may affirm, modify or set aside the order of the superintendent fixing the amount of the license tax. In view of this provision of the law, we agree with the contention of the Attorney General that the State of Arizona and the members of the Corporation Commission are not either necessary or proper parties. Section 66–520 provides, in effect, who are proper parties and also the kind of judgment that shall be entered when the legality or the amount of the license tax is litigated.

The plaintiff is a domestic corporation, holding from the Corporation Commission a license to operate its trucks in the state, and is engaged in the business of operating motor trucks therein in the transportation of gravel and road materials obtained by it from gravel pits to be used in road construction.

It appears that an audit of the books of the plaintiff by the Superintendent of the Motor Vehicle Division in December, 1941, disclosed that its gross receipts from certain of its operations within the state as a motor carrier amounted to the sum of $22,968.40, upon which sum, on January 15, 1942 (pursuant to demand made on December 30, 1941), plaintiff paid to said superintendent the sum of $574.21, being the license tax at 2½%, and the sum of $143.55, being a 25% penalty for failure to pay said tax on time, or a total of $717.76. It is alleged that such taxes and penalties

were paid under protest upon the ground, among others, "that the work for which this tax is demanded was not performed on the public highways of the state."

In a second cause of action it is alleged plaintiff became entitled, for the operation of its trucks on other projects, in transporting material in road construction during December, 1941, to receive the gross sum of $8,806.57, upon which sum it was compelled to pay the superintendent a license tax of 2½%, or the sum of $220.16, although it had not received payment of its earnings upon which said tax was levied and claimed. It is alleged, also, that this was paid under protest.

The prayer for relief was for $717.76, with interest at 6% from January 15, 1942 on the first cause of action; and for $220.16, with interest at 6% from January 15, 1942 on the second cause of action.

The trial court held the taxes to be paid by the carrier should be computed on those earnings actually received by it and not upon earnings due but not received. Accordingly, that plaintiff was entitled to recover on its first cause of action the $143.55 penalty paid by it, for the reason that at the time of the payment of said taxes under protest they were not delinquent. It also held that as to the second cause of action the plaintiff should recover from defendants the sum of $8.03, for the reason that at the time of the trial plaintiff had not actually received the sum of $321.51 of the $8,806.57 required of it by defendants to be reported for December, 1941.

The defendants have not appealed from said judgment nor have they made any cross-assignments.

Plaintiff, being dissatisfied with the amount of its judgment, has appealed and, among others, has assigned as erroneous the court's finding of fact and conclusion of law to the effect that a motor carrier license under the law (section 66–518) is

"a license tax based upon the total gross receipts of such a carrier and the amount thereof is not dependent upon the use or partial use by such carrier of any public street, alley, road, highway or thoroughfare of any kind used by the public or open to the use of the public as a matter of right for vehicular travel"

and that such tax is 2½% of the carrier's gross receipts from its operations.

The fact is that much or most of plaintiff's operations consisted of hauling gravel and other material from pits of its own located off the public highways and in doing so it did not use or move over or upon any highway, and its contention is that before it should be required to pay a percentage of its earnings or receipts as a tax it must be shown that it used the public highways in the operation of conveying such materials to place of use. This, of course, admits liability for hauling done on the public highways. Plaintiff's application to the Corporation Commission for a license to operate motor vehicles is an admission that it intends to use the public highways. It is licensed to do so. It may not, in going to and from pits, move over the public roads, but, nevertheless, in getting to its place of operation, these roads in most, if not all, cases must be used and, after completing a job, the motor vehicles used must be moved to the home office or other job—all over the public highways.

A reading of Article 5, Chapter 66, Arizona Code 1939, being sections 66–501 to 66–533 thereof, shows that it pertains to the regulation of common and private carriers operating motor vehicles upon the state's highways. Motor vehicles may not operate in the state without obtaining a license from the Corporation Commission designating the route or routes to be served (section 66–506). The context of the chapter indicates that a carrier's license confers the privilege of operating motor vehicles primarily on public highways,

streets or roads used by the public, but is no limitation upon his right to operate off a public highway, and, when it comes to the matter of charging for his services, there is no requirement that such services be confined to those rendered on the public highway. Since there is no restriction on the carrier's right to charge for its services, whether on or off the public highway, plaintiff's contention cannot be upheld.

Section 66–518 provides that a common motor carrier, in addition to all other taxes and fees, shall pay to the state, on or before the fifteenth of each month, a license tax of 2½% of the gross receipts from his operations within this state for the next preceding calendar month. This does not specify "gross receipts" while moving on or over public highways only, and there is no language in the text of the chapter indicating it means that. On the contrary, the language is very explicit that the tax is to be imposed upon the "gross receipts" from all services of the common carrier.

California has a statute, very much like our section 66–518, *supra,* requiring the operator (as there defined) to pay a license fee upon the "gross receipts from operation of motor vehicles" (Gen. Laws 1937, Act 5130d; Vehicle Code, secs. 205, 206, St. 1935, pp. 119, 120) used upon the state highways and, in *Robertson* v. *Johnson,* 55 Cal. App. (2d) 610, 131 Pac. (2d) 388, 390, such statute is construed to include "all receipts not specifically excluded." It was there said:

"In the recent case of *Bekins Van Lines, Inc.,* v. *Johnson,* 21 Cal. 2d 135, 130 P. 2d 421, 424, plaintiff sought to have the court construe the language of the License Act as applying only to that portion of its gross receipts derived from the actual use of its trucks and vans on public streets and highways, and to exclude the portion attributable to the moving of goods between buildings to or from which they were taken, and the sidewalk where they were loaded into or unloaded from trucks or vans; also that portion derived

from intra-city pick-up and delivery service. But the court held that the plain language of the License Act determines this issue against plaintiff; that the portion of plaintiff's business the receipts from which it contended were not taxable was but a part of its whole business as an operator subject to the tax, and such receipts were but a portion of its 'gross receipts' all of which were subject to the tax. It said: 'This court has heretofore held that "gross receipts from operation" is plain language which requires no interpretation. *Pacific Gas & Electric Co.* v. *Roberts,* 176 Cal. 183, 167 Pac. 845. See, also, *McHenry* v. *Alford,* 168 U. S. 651, 666, 18 Sup. Ct. 242, 42 L. Ed. 614; *State* v. *United Electric Light & Water Co.,* 90 Conn. 452, 97 Atl. 857. . . . ' "

Whether the judgment in favor of plaintiff for the sum of $151.58 was correct or not we do not decide, since it was not appealed from by defendants and is not assigned as error by them.

We have come to the conclusion the judgment of the lower court should be affirmed, which means the plaintiff is not entitled to any relief by reason of its appeal, and that the costs hereof should be assessed against plaintiff.

McALISTER, C. J., and STANFORD, J., concur.