[Civ. No. 7509.   Third Dist.   Dec. 21, 1948.]

SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant, v. STATE BOARD OF EQUALIZATION, Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark and Forrest A. Cobb for Appellant.

Fred N. Howser, Attorney General, James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Respondent.

ADAMS, P. J.—Appellant San Diego Electric Railway Company is a corporation engaged in the transportation of passengers by streetcar and by bus in the city of San Diego. Five of its bus lines extend for short distances beyond the incorporated limits of the city. The State Board of Equalization, hereinafter referred to as the board, imposed motor vehicle transportation license taxes upon the total fares paid by passengers who in one continuous trip on such buses traversed city streets as well as public highways outside incorporated territory. Appellant paid the tax for the month of August, 1945, under protest and brought this action for the recovery of a portion thereof, claiming that under the relevant statutes it should be required to pay such tax only upon the portion of such fares attributable to transportation of such passengers outside incorporated areas—in other words, that the tax statutes should be interpreted to require an apportionment of the fares received from passengers who, in one continuous trip, traversed public highways both outside and inside incorporated areas, in accordance with the ratio between the distance traveled in the unincorporated territory to the whole distance traveled.

The trial court rendered judgment for the board and this appeal followed.

So far as relevant, the substance of the applicable statutes is as follows:

A license tax at the rate of 3 per cent of the gross receipts (Rev. & Tax. Code, § 9651) is imposed upon any person engaged in the transportation of persons or property for hire or compensation by or upon a motor vehicle upon any public highway in the state (Rev. & Tax. Code, § 9603).

Gross receipts are to include all receipts from the operation of motor vehicles entirely within the state, and a propor-

tion, based on mileage, from interstate operations (Rev. & Tax. Code, § 9606).

Section 9652 of said code reads:

"For the purpose of the proper administration of this part and to prevent evasion of the tax it shall be presumed that the gross receipts from all operations of operators are subject to the tax until the contrary is established."

Section 9653 (with which this appeal is particularly concerned), provides:

"*Operators and receipts exempted.* This part does not apply to operators of motor vehicles operated exclusively within incorporated cities or between incorporated cities or incorporated cities and private property where no portion of the public highway outside the corporate limits of the cities is traversed in such operation.

"The tax does not apply to the gross receipts derived from the transportation of persons or property wholly within incorporated cities or between incorporated cities or incorporated cities and private property or wholly on private property where no portion of the public highway outside the corporate limits of the cities or private property is traversed in such operation."

Prior to 1939 the only provision of the law on that subject read as follows:

"This act shall not apply to motor vehicles operating exclusively within incorporated cities or towns, nor shall it apply to such vehicles operating between incorporated cities or towns where no portion of the public highway outside of the corporate limits of said cities or towns is traversed in said operation, nor shall this act apply to motor vehicles operated exclusively off of public highways in this State." (License Tax Act of 1933 (Stats. 1933, p. 928; Deering's Gen. Laws, 1937, Act 5130d, § 22) as amended by Stats. 1937, p. 1932.)

In 1939 the provision was amended to read as follows:

"This act shall not apply to operators of motor vehicles operated exclusively within incorporated cities or between incorporated cities or incorporated cities and private property where no portion of the public highway outside the corporate limits of such cities is traversed in such operation, and the tax imposed hereunder shall not apply to the gross receipts derived from the transportation of persons or property wholly within incorporated cities or between incorporated cities or incorporated cities and private property or wholly on private property where no portion of the public highway outside the

corporate limits of such cities or private property is traversed in such operation." (Stats. 1939, p. 2659.)

In 1941 section 9653 was enacted to read as above set forth.

■ The trial court relied upon *In re Bush,* 6 Cal.2d 43 [56 P.2d 511] (1936), and *Bekins Van Lines, Inc.* v. *Johnson,* 21 Cal.2d 135 [130 P.2d 421] (1942). Appellant apparently concedes that those decisions were conclusive under the statutes as they read prior to the enactment of the second paragraph of section 9653, *supra,* but argues that by said paragraph the Legislature intended to and did provide for the proration which they claim in this case.

We find no merit in this contention. No change in the language of the statutes has been made which compels such conclusion; and if the Legislature intended, by the slight changes made in the wording of the law, that in determining gross receipts subject to taxation, only that portion of a single fare attributable to transportation in unincorporated territory should be taxed, no reason appears why cryptic language should have been used. ■ Where prorationing has been intended, as provided in section 9606, *supra,* the Legislature has so provided in definite terms; and its failure to provide for the apportionment of gross receipts from intercity travel on a mileage basis, when it specifically so provided regarding interstate travel, is convincing evidence that no such result was intended. It is beyond the province of courts to read into section 9653, *supra,* language which, we must assume, was intentionally omitted. Furthermore, that the Legislature did not intend to provide for prorationing as claimed is indicated by section 9652, *supra.* Also section 9653 is an exemption statute, and as such is subject to the rule that exemptions from taxation are to be strictly construed against the taxpayer. (*Cypress Lawn Cemetery Assn.* v. *San Francisco,* 211 Cal. 387, 390 [295 P. 813]; *Bay Cities Transp. Co.* v. *Johnson,* 8 Cal.2d 706, 712 [68 P.2d 710]; *Miller* v. *McColgan,* 17 Cal.2d 432, 441-442 [110 P.2d 419, 134 A.L.R. 1424]; *Robertson* v. *Johnson,* 55 Cal.App.2d 610, 614 [131 P.2d 388].)

■ The evidence in the case shows that the board, both before and since 1941, has imposed the tax in the same manner upon all bus lines throughout the state whose operations extend into unincorporated areas, of which there are many whose factual situation is comparable to appellant's. This administrative interpretation of the law, while not conclusive, is persuasive when the courts are called upon to construe

statutes. (See *Koenig* v. *Johnson,* 71 Cal.App.2d 739, 755 [163 P.2d 746]; 23 Cal.Jur. § 152, p. 776.) Also the testimony shows that the changes made in 1941 were intended to clarify rather than to change the existing law.

Therefore, our conclusion is that the decisions in *In re Bush* and *Bekins Van Lines, Incorporated, supra,* are applicable and controlling in this case. Also see *California Motor Transport Co., Ltd.* v. *State Board of Equalization,* 31 Cal.2d 217 [187 P.2d 745], *Southern California Freight Lines* v. *State Board of Equalization,* 72 Cal.App.2d 26 [163 P.2d 776], and *Winkler Trucking Co.* v. *McAhren,* 60 Ariz. 225 [133 P.2d 757, 759].

■ Appellant further argues that unless construed in conformity with its contentions the statute must be held to be unconstitutional. But there is no such distinction between the added portion of section 9653 and the prior enactments as to render the later addition invalid. And as in both the Bush case (6 Cal.2d at p. 56) and the Bekins case (21 Cal.2d at pp. 141-142) unconstitutionality was denied, it must be so denied in this case.

Statutes are presumed to be constitutional (*People* v. *Keith Ry. Equip. Co.,* 70 Cal.App.2d 339, 358 [161 P.2d 244], and cases there cited); and in view of the statements of the Supreme Court in the Bush and Bekins cases it is not for this court to say that the section under attack is unconstitutional.

If, as appellant claims, the tax as imposed by the board results in casting an unfair burden upon it, its application for relief should be addressed to the Legislature and not to the courts. And if that body intended by its amendment to section 9653 to effect the results contended for by appellant, it should clarify its intention by clear and certain language.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 17, 1949.