180 So.2d 364 (1965)
PEERLESS INSURANCE COMPANY, Appellant,
v.
SUN LINE HELICOPTERS, INC., a Florida corporation, Appellee.
No. 65-290.
District Court of Appeal of Florida. Third District.
November 23, 1965.
Rehearing Denied December 14, 1965.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellant.
Alfred J. Anton, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
Peerless Insurance Company, one of the defendants below, appeals a final judgment rendered for a co-defendant, Plastic Components Construction, Inc., [hereafter Plastic Components] and the plaintiff, Sun Line Helicopters, Inc., in an action for reformation of an insurance contract or, in the alternative, for damages.
*365 The plaintiff alleged that it was in the general aviation business and leased an aircraft to the defendant, Plastic Components, for use in marketing plastic homes primarily outside the continental limits of the United States. Insurance on the aircraft was issued by the appellant through its agent, James D. Mackey Agency, Inc., to insure the interests of the plaintiff and Plastic Components. It was alleged that the agent was advised that the plane was to be used for overseas flights and that this was one of the risks to be insured. Two months after the date of the policy, the aircraft developed engine trouble while on a flight from Florida to the Island of Puerto Rico, with a planned refueling stop at Great Inagua Island in the Bahamas. As a result, the pilot cancelled his, flight plan by radio and prepared for an emergency landing with one engine out. The plane crashed and was totally demolished as it attempted the emergency landing at Great Inagua.
The appellant insurance company denied liability for the loss of aircraft on the premise that the loss occurred outside the territorial limits covered by the policy. The plaintiff filed suit against Peerless Insurance Company, its insurance agent, and Plastic Components.
On the day of the jury trial, the court held a conference with counsel for the parties with regard to the conduct of the trial and the issues. Following the conference, the trial judge dismissed the jury and made a statement based upon his construction of the contract to the effect that it was a valid contract and that there was coverage. Counsel for the parties had waived jury trial on the remaining issues, and the trial judge proceeded to decide the case on the pleadings, depositions, and exhibits. Final judgment was thereupon entered in favor of plaintiff and Plastic Components and against appellant, Peerless Insurance Company, from which judgment this appeal is taken.
The appeal involves an interpretation of the following clause in the insurance policy:
* * * * * *
"VI. OCCURRENCES, POLICY PERIOD, TERRITORY, PURPOSE OF USE
This policy applies only to occurrences during the policy period while the aircraft is within the United States of America (excluding Alaska), its territories or possessions, Canada or Mexico, or is being transported between ports thereof, and is owned, maintained and used for the purposes stated as applicable thereto in the Declarations."
* * * * * *
Appellant contends that since the plane was to stop for refueling at Great Inagua in the Bahamas, that this was not between ports of the United States of America; that even if the facts are construed to show the flight of the plane was between ports of the United States of America, this was, in fact, abandoned when the pilot cancelled his flight plan to Puerto Rico because of an emergency; and that in any event, the plane was not "being transported" but was transporting the pilot to Puerto Rico.
The courts in construing insurance contracts have made some rules of interpretation which apply in this case. Contracts of insurance should be construed to give effect to the intent of the parties. If uncertainty is present in a policy, it should be construed against the insurer. Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285.
In Aetna Casualty & Surety Co. v. Cartmel, 1924, 87 Fla. 495, 100 So. 802, 35 A.L.R. 1013, the court said:
* * * * * *
"This court is in accord with the recognized rule for the interpretation of insurance contracts that 

*366 "`The policy must be liberally construed in favor of the insured so as not to defeat without a plain necessity his claim to the indemnity which in making the insurance it was his object to secure.'" (Citations omitted.)
* * * * * *
The flight plan indicated that this was a flight between two ports of the United States of America, with a refueling stop in the Bahamas. The record reflects that the insurance agent for the appellant was advised that this plane would be flown outside the continental limits of the United States and that a premium rate was quoted, agreed upon and paid for by the plaintiff for such overwater coverage. Upon receipt of the policy the agent noticed that it did not contain Bahama coverage, but countersigned it and forwarded it with his statement, without notifying the plaintiff of this deficiency.
Under these circumstances, it appears that it was reasonable for the trial court to determine that it was the intent of the parties to include coverage between Opa Locka, Florida, and Puerto Rico, and that a stop at Great Inagua for refueling would not eliminate coverage.
Turning to the appellant's next contention that the plane was not "being transported" but was transporting the pilot, we note that, recognizing an ambiguity in those words, appellant amended and modified that paragraph prior to the loss in question when it issued a new policy, on another aircraft of the plaintiff, which stated:
* * * * * *
"VIII. Policy Period, Territory, Purpose of Use. This policy applies only to occurrences, and losses to the insured aircraft which are sustained, during the policy period while the aircraft is within the United States of America, its territories or possessions, Canada, Newfoundland or Mexico, or while dismantled, is being transported between ports thereof, and is owned, maintained and used for the purposes stated as applicable thereto in the declarations." (Emphasis added.)
* * * * * *
The trial court was faced with this same contention as is shown by the following colloquy at the time of trial:
* * * * * *
"* * * [T]he case does turn on the question of whether or not it was being transported. I do not think in common parlance we consider an airplane being flown by its own pilot as being transported. The word `transported' is a passive 
"THE COURT: I am not inclined to give it that limited interpretation, not in the face of what was necessary here for the very puropse of this insurance." (Emphasis added.)
* * * * * *
For the purposes of the case, sub judice, we agree with Robertson v. Johnson, 1942, 55 Cal. App.2d 610, 131 P.2d 388. There, the respondent was engaged in the business of transporting new automobiles, some of which were transported by trucks and some of which were delivered by being driven to the point of destination. The respondent sought relief from a gross receipts tax levied on an operator of a business of transporting vehicles. Relief was sought from that portion of his gross receipts derived from driving the new cars to the delivery point. Upholding the tax, the court stated:
* * * * * *
"* * * [N]evertheless it is conceded that the delivery of cars under their own power is transportation, and such transportation is but a part of respondent's business as an operator. He receives compensation for such transportation and this compensation is a part of his gross receipts as such operator."
* * * * * *
*367 It is a recognized principle of appellate procedure that if a trial judge's order, judgment or decree can be sustained under any theory revealed by the record, it will be affirmed. Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535.
The judgment is therefore
Affirmed.