[Civ. No. 23728. Third Dist. June 19, 1984.]

STOCKTON KENWORTH, INC., Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

## COUNSEL

John K. Van de Kamp, Attorney General, Edward P. Hollingshead and Charles C. Kobayashi, Deputy Attorneys General, for Defendant and Appellant.

James J. Igoe for Plaintiff and Respondent.

## OPINION

**EVANS, J.**—Plaintiff, a California corporation, is a retail truck dealer with its principal place of business in Stockton. Between April 1975 and March

1978, plaintiff acquired nine diesel trucks for lease to various out-of-state carriers. In acquiring the trucks, plaintiff paid neither sales nor use taxes.

After executing each of the lease agreements, plaintiff drove the trucks, sans payload, to points outside California, where the lessees took possession of the trucks and the leases commenced. Plaintiff did not report or pay any taxes to defendant, the California State Board of Equalization (Board), with respect to any of the lease transactions.

The Board determined plaintiff's delivery of the trucks to the out-of-state lessees constituted a "use" of the trucks within California and that plaintiff was subject to tax under the Sales and Use Tax Law. (See Rev. & Tax. Code, § 6001 et seq.) Plaintiff paid the taxes assessed under protest and filed a claim for refund which was denied. Following the exhaustion of its administrative remedies, plaintiff filed an action in superior court for a refund.

The trial court determined plaintiff's delivery of the trucks to out-of-state lessees did not constitute a taxable use within the state and entered a judgment for plaintiff directing a refund of use taxes paid, plus interest. The Board appeals.

## DISCUSSION

The California use tax is an excise tax "on the storage, use, or other consumption in this state of tangible personal property purchased from any retailer . . . for storage, use, or other consumption in this state . . . ." (Rev. & Tax. Code, § 6201; hereafter all statutory citations are to this code unless otherwise indicated.) ▮ "The use tax applies to property purchased for use in this state wherever purchased, unless the gross receipts from the sale have been included in the measure of the California sales tax (Rev. & Tax. Code, § 6401), *or unless the transaction is otherwise exempted by the statute* or by the state or federal Constitution." (Italics added; *Flying Tiger Line* v. *State Bd. of Equal.* (1958) 157 Cal.App.2d 85, 98 [320 P.2d 552].)[1]

▮ Plaintiff relies on section 6009.1 in asserting the lease transactions herein are exempt from the use tax. This section provides: " 'Storage' and

---

[1] "Use" is defined in section 6009 as ". . . the exercise of any right or power over tangible personal property incident to the ownership of that property, and also includes the possession of, or the exercise of any right or power over, tangible personal property by a lessee under a lease, except that it does not include the sale of that property in the regular course of business."

'use' do not include the keeping, retaining *or exercising any right or power over tangible personal property for the purpose of subsequently transporting it outside the state for use thereafter solely outside the state,* or for the purpose of being processed, fabricated, or manufactured into, attached to or incorporated into, other tangible personal property to be transported outside the state and thereafter used solely outside the state." (Italics added.) Although the language of section 6009.1 appears to clearly support plaintiff's assertion that where the sole "use" of property is the delivery of that property to an out-of-state lessee, no tax is to be imposed, the Board disagreed. Pursuant to section 7051, the Board promulgated rules and regulations relating to the enforcement of the Sales and Use Tax Law.[2] With regard to the exemption set forth in section 6009.1, the Board adopted the following regulation, which provides in relevant part: "The word 'transported' [as used in § 6009.1] means the article in question must be passively carried outside the state. [¶] The following examples are illustrative of the meaning of the exclusion: [¶] 1. An engine installed in an aircraft which is flown directly out of the state for use solely thereafter outside the state does not qualify for the exclusion. The use of the engine in the transporting process causes the loss of the exemption. [¶] 2. An engine installed in a truck which is transported by rail or air directly out of the state for use thereafter solely outside the state qualifies for the exclusion. . . ." (Cal. Admin. Code, tit. 18, § 1620, subd. (b)(5) (hereafter referred to as regulation 1620, subd. (b)(5)).)

The Board contends that imposition upon plaintiff of the taxes in question was valid pursuant to regulation 1620, subdivision (b)(5), in that plaintiff did not passively transport the trucks out of state. Plaintiff contends this regulation constitutes an unlawful and improper limitation upon the statutory exemption granted taxpayers by section 6009.1. We agree with plaintiff.

■ "It is true that the Legislature may delegate authority to administrative boards to adopt and enforce reasonable rules for carrying into effect the expressed purpose of a statute . . . ." (*Am. Distilling Co.* v. *St. Bd. of Equalization* (1942) 55 Cal.App.2d 799, 805 [131 P.2d 609]), and that such rules and regulations are entitled to substantial weight with respect to statutory construction or application. (See *Culligan Water Conditioning* v. *State Bd. of Equalization* (1976) 17 Cal.3d 86, 92-93 [130 Cal.Rptr. 321, 550 P.2d 593]; *Lockheed Aircraft Corp.* v. *State Bd. of Equalization* (1978) 81 Cal.App.3d 257, 270 [146 Cal.Rptr. 283].) ■ It is equally established,

[2]Section 7051 states: "The board shall enforce the provisions of this part and may prescribe, adopt, and enforce rules and regulations relating to the administration and enforcement of this part. The board may prescribe the extent to which any ruling or regulation shall be applied without retroactive effect."

however, that a board or commission may not adopt rules "which abridge, enlarge, extend or modify the statute creating the right." (*Am. Distilling Co. v. St. Bd. of Equalization, supra,* 55 Cal.App.2d at p. 805.) Regulation 1620, subdivision (b)(5), constitutes such an abridgement. Without question, the delivery of trucks under their own power is "transportation" (see *Robertson* v. *Johnson* (1942) 55 Cal.App.2d 610, 614 [131 P.2d 388]) and as such must be exempted from the use tax pursuant to section 6009.1. Plaintiff's *sole* exercise of right or power over the trucks consisted of driving the trucks from plaintiff's place of business to the various lessees outside the state. Such delivery clearly falls within the provisions of section 6009.1, which provide that "use" does not include the exercise of "any right or power over tangible personal property for the purpose of subsequently transporting it outside the state for use thereafter solely outside the state, . . ."

The Board argues regulation 1620, subdivision (b)(5), is a reasonable interpretation of section 6009.1, and notes section 6009.1 uses the word "transporting" together with the word "it." The Board contends by use of that language the Legislature intended the word "transporting" be used in the sense of carrying some object; i.e., the fact that the Legislature did not refer to property transporting itself, but only "transporting it," is an indication the Legislature intended the exemption to apply only where tangible personal property is passively transported outside the state. We find this argument unconvincing.

The Board purports to uphold the regulation on the basis that it eliminates difficulty in enforcement. The Board asserts that without regulation 1620, subdivision (b)(5), a lessor might make intermediate deliveries of tangible personal property while at the same time removing the trucks outside the state where the leases are to begin. As the Board states in its brief, "The administration and enforcement of the use tax with respect to such leases would be difficult, if not impossible, if the SBE [Board] was required to examine the journey of each such vehicle." There is no merit in this assertion.

Section 6366 exempts the sale of aircraft from tax if the sale is to a nonresident who will not use the aircraft other than in the removal of the aircraft from the state. Just as plaintiff's trucks could have surreptitiously been loaded to make deliveries, so too could aircraft sold to an out-of-state purchaser. The fact that such action may be difficult to enforce is not a sound reason for indiscriminately eliminating other tangible personal property capable of self-locomotion from the exemption provided in section 6009.1.

We have examined the Board's other contentions and find nothing therein supporting its assertion that the Legislature intended the word "transporting" in section 6009.1 to mean "passively transport" and thus eliminate from the exemption items capable of self-locomotion. Had the Legislature so intended, it could easily have drafted section 6009.1 to exclude tangible personal property transported under its own power. In our view, regulation 1620, subdivision (b)(5), is an unwarranted abridgement of an express exemption created by the Legislature in favor of taxpayers who transport property outside the state for use thereafter solely outside the state. The trial court did not err in granting plaintiff a refund of the use taxes paid.

The judgment is affirmed.

Regan, Acting P. J., and Carr, J., concurred.

A petition for a rehearing was denied July 19, 1984, and appellant's petition for a hearing by the Supreme Court was denied August 29, 1984.